**Daniel Gaston SHOCKLEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 1009–85.**

Court of Criminal Appeals of Texas, En Banc.

May 4, 1988.

John H. Hagler (on appeal only), Dallas, for appellant.

Henry Wade, Former Dist. Atty., and Constance M. Maher, Terrence Hart and Joan Marshall, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

TEAGUE, Judge.

Daniel Gaston Shockley, henceforth appellant, was convicted of burglary by a jury and his punishment assessed at confinement in the Texas Department of Corrections for a period of ten years and a day. However, the Dallas Court Appeals reversed this conviction because the trial judge, over objection, instructed the jury that "the act of breaking and entering a building at nighttime raises a presumption that the act was done with intent to commit theft." *Shockley v. State*, 695 S.W.2d 754 (Tex.App. 5th Dist.1985). The trial court's jury charge went on to explain the effect of such presumption in terms prescribed by Penal Code, § 2.05, i.e. that the jury was permitted, but not required, to infer a larcenous intent from nighttime entry. While we agree with the Court of Appeals that such instruction was improper, we find that the error resulted in no harm to appellant whatsoever. See *Almanza v. State*, 686 S.W.2d 157 (Tex.Cr.App.1985). Therefore, for reasons expressed in *LaPoint v. State*, 750 S.W.2d 180 (Tex.Cr.App.1988), on State's Motion for Rehearing, decided this day, we reverse the judgment of the Dallas Court of Appeals in this cause and remand for consideration of appellant's points of error not yet addressed by the Court.*

ONION, P.J., and CLINTON and DUNCAN, JJ., dissent.

* LaPoint was appellant's codefendant in this cause. Although they were tried separately and LaPoint was convicted as a nonprimary culpable party under Penal Code, § 7.02(a)(2), the evidence at both trials was substantially identical. For a recitation of the relevant facts, see this Court's opinion on original submission in *LaPoint*, supra, or the Dallas Court of Appeals opinion in *Shockley*, supra.