**Anthony Tyrone PETERSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–96–00042–CR.**

Court of Appeals of Texas,
Texarkana.

Submitted March 25, 1997.

Decided March 26, 1997.

Ebb B. Mobley, Longview, for appellant.

Tim Cone, District Attorney, Gilmer, for appellee.

Before CORNELIUS, C.J., and GRANT and ROSS, JJ.

OPINION

CORNELIUS, Chief Justice.

Anthony Tyrone Peterson was charged with murder, but the jury found him guilty of the lesser offense of manslaughter in the shooting death of Derrick M. Palmer. Peterson appeals his conviction, asserting that the trial court erred by submitting a jury charge that impermissibly expanded the statutory definitions of "intent" and "knowingly." We affirm.

Peterson never denied that he shot and killed Palmer. He testified that he and several friends were at a McDonald's in Gilmer and that on his way out of the restaurant, he stopped and talked to a young woman. He said he noticed he was being watched by a group of seven or eight men. A confrontation ensued between Peterson and the group, and it quickly escalated into a verbal altercation involving cursing and threats of physical violence. Peterson testified that the men followed him when he left McDonald's.

On leaving the restaurant, Peterson was immediately attacked by several members of the group. He was hit on the head, thrown to the ground, and repeatedly kicked. At that point, two of his friends intervened, stopped the fight, and helped Peterson to his car.

As they were headed to the car, one of Peterson's friends yelled that someone had a gun. Someone threw Peterson a shotgun. Peterson testified he fired a shot into the air in order to scare his attackers away so he could safely leave. He testified that he then saw a man running toward him and aiming a pistol. He lowered the shotgun and shot in the armed male's general direction. That individual was not hit, but Peterson's second shot struck Palmer in the back and killed him.

■ Peterson contends that the trial court erred in submitting a jury charge that impermissibly expanded the statutory definition of "intent" and "knowingly." While we agree that the trial court's instruction was improper, we find that the error resulted in no harm to Peterson, so we affirm the judgment.

We follow a two-step analysis when assessing jury charge errors. First, we decide whether error exists in the jury charge. If so, then we determine whether the error caused the defendant to suffer sufficient harm that it requires reversal. TEX.CODE CRIM.PROC.ANN. art. 36.19 (Vernon 1981); *Hutch v. State,* 922 S.W.2d 166, 170–71 (Tex. Crim.App.1996). The requisite degree of harm for reversal depends on whether the error was preserved. *Arline v. State,* 721 S.W.2d 348, 351 (Tex.Crim.App.1986). Error properly preserved by an objection to the charge requires reversal as long as the error is not harmless. *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App.1984). The Texas Court of Criminal Appeals has interpreted this standard to mean that any harm, regardless of its degree, is sufficient to require reversal. *Hutch v. State,* 922 S.W.2d at 171.

Peterson was indicted for the felony offense of murder, and the State was required to prove that he intentionally or knowingly caused the death of Derrick M. Palmer by shooting him with a deadly weapon. Intent or knowledge are essential elements of murder as alleged and must be proved beyond a reasonable doubt. TEX. PENAL CODE ANN. § 19.02 (Vernon 1994); *Godwin v. State,* 899 S.W.2d 387, 389 (Tex.App.–Houston [14th Dist.] 1995, pet. ref'd).

At the close of the guilt-innocence phase of the trial, the court submitted the following definitions of "intent" and "knowledge" to the jury:

> A person acts intentionally, or with intent, with respect to a result of his conduct when it is his conscious objective or desire to cause the result. Intent or lack of intent may be inferred from the facts and circumstances.

> . . . . .

> A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result. Knowledge or lack of knowledge may be inferred from the facts and circumstances.

The trial court's jury charge differs from the statutory definitions of "intentionally" and "knowingly." *See* TEX. PENAL CODE ANN. § 6.03(a), (b) (Vernon 1994). Peterson timely objected to the trial court's jury charge, contending that the language constituted an impermissible comment on the weight of the evidence by the court.

The State contends that the language in the disputed charge is correct and has been the law for many years. It relies on *Hernandez v. State,* 819 S.W.2d 806, 811 (Tex. Crim.App.1991), and several other cases. These cases, however, stand for the general proposition that the trier of fact *can infer* a defendant's culpable mental state from circumstantial evidence such as the accused's acts, words, or conduct. They do not, however, hold that the trial court may instruct the jury that they may apply such inferences.

The Texas Court of Criminal Appeals has addressed the propriety of instructing a jury on inferences. In *Browning v. State,* 720 S.W.2d 504, 507 (Tex.Crim.App.1986), the court held that instructing a jury on an inference was error and stated, "In any given case the jury could make any number of reasonable inferences. But when the trial court, the only source of law the jury has, picks out only one such inference and instructs the jury that that one, though rebuttable, is a presumption provided by law, the court gives the force of law to that one possible inference." The court did not hold that it was improper for the jury to make such an inference, but only that the trial court may not instruct the jury that they may apply such an inference. Singling out one inference constitutes a comment on the weight of the evidence. *Mercado v. State,* 718 S.W.2d 291, 293 (Tex.Crim.App.1986); *see also Shockley v. State,* 750 S.W.2d 193, 193 (Tex.Crim.App.1988); *LaPoint v. State,* 750 S.W.2d 180, 183 (Tex.Crim.App.1986).

The Texas Court of Criminal Appeals reviewed a jury charge similar to the charge at issue here in *Garcia v. State.* The trial court in *Garcia* instructed the jury that *"intent or knowledge may be inferred by acts done or words spoken."* *Garcia v. State,* 919 S.W.2d 370, 396 (Tex.Crim.App.1994) (emphasis added). Garcia, like Peterson, timely objected to the included phrase as an impermissible comment on the evidence. *Garcia v. State,* 919

S.W.2d at 396. The court assumed, without addressing the merits of Garcia's assertion, that it was error to include the disputed phrase in the jury charge. *Garcia v. State,* 919 S.W.2d at 396.

 We are therefore constrained to hold that the charge here was an improper comment on the weight of the evidence. *La-Point v. State,* 750 S.W.2d at 183; *Browning v. State,* 720 S.W.2d at 507. We must now examine whether Peterson suffered any harm as a result of the charge.

Peterson has the burden of persuasion to show the required degree of harm. *See Abdnor v. State,* 871 S.W.2d 726, 732 (Tex.Crim. App.1994); *LaPoint v. State,* 750 S.W.2d at 191. When conducting a harm analysis we consider the charge itself, the state of the evidence, arguments of counsel, and any other relevant information revealed by the record of the trial as a whole. *Bailey v. State,* 867 S.W.2d 42, 43 (Tex.Crim.App.1993).

Peterson correctly contends that the prosecution, in its closing arguments, repeatedly stressed that intent and knowledge could be inferred from certain facts and circumstances. This appeal to jurors corresponds to the erroneous language present in the jury charge. The jury did not, however, convict Peterson of intentionally and knowingly killing Derrick Palmer. The jury convicted Peterson of the lesser included charge of manslaughter. Manslaughter does not require an intentional or knowing state of mind. It requires recklessness. TEX. PENAL CODE ANN. § 19.04(a) (Vernon 1994); *Holmes v. State,* 830 S.W.2d 263 (Tex.App.–Texarkana 1992, no pet.). Because the jury convicted Peterson of an offense that does not require an intent to do harm, the presence of the charges on intent were harmless beyond a reasonable doubt.

For the reasons stated, we affirm the judgment.