**Adam Gene HILL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–00–00083–CR.**

Court of Appeals of Texas, Texarkana.

Submitted Aug. 30, 2000.

Decided Aug. 31, 2000.

Clinard J. Hanby, The Woodlands, for appellant.

Gail Kikawa McConnell, Asst. Dist. Atty., Peter C. Speers III, Asst. Dist. Atty., Conroe, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Justice ROSS.

Adam Gene Hill pled guilty to a charge of aggravated robbery. A jury assessed his punishment at imprisonment for thirty years and a fine of $5,000.00. Hill contends on appeal that an unobjected-to

charge error was so egregious that it requires reversal and that his counsel was ineffective because he did not object to the error.

Hill robbed a hotel clerk at gunpoint on January 11, 1999. After Hill pled guilty to this offense, a jury trial was held to determine his punishment. During this trial, the State presented evidence that on the day in question, Hill not only committed this crime, he also committed two other aggravated robberies. Additionally, the evidence showed that Hill was eighteen years old at the time of the robberies, had been in juvenile detention since he was fifteen, and had been released from Texas Youth Commission supervision for only about four months before the robberies occurred.

Hill first contends that he should have a new trial on punishment because of an error in the jury charge. Hill claims, and the State concedes, that the given charge is inaccurate because it fails to correctly state the mandatory language of the Texas Code of Criminal Procedure, Article 37.07, § 4(a). Pursuant to that article, the trial court has a duty to charge the jury, in pertinent part, as follows:

Under the law applicable in this case, if the defendant is sentenced to a term of imprisonment, he will not become eligible for parole until the actual time served equals one-half of the sentence imposed or 30 years, whichever is less, without consideration of any good conduct time he may earn....

TEX.CODE CRIM. PROC. ANN. art. 37.07, § 4(a) (Vernon Supp.2000).

However, in the instant case, this portion of the jury charge was submitted, in pertinent part, as follows:

Under the law applicable in this case, if the defendant is sentenced to a term of imprisonment, he will not become eligible for parole until the actual time served *plus good conduct time* equals one-half of the sentence imposed or thirty (30) years, whichever is less.

(Emphasis added.) The trial court altered the statutorily mandated language by adding the above italicized language and by failing to include the required language *"without consideration of any good conduct time he may earn."* It is uncontested that the trial court had a duty to properly instruct the jury and that the jury was given an inaccurate charge; however, it is also uncontested that Hill failed to object to the flawed charge.

Hill's failure to object is of great importance in this situation because the standard of review for charge errors is dependent on whether the defendant properly objected. *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App.1984) (opinion on reh'g); *Gornick v. State,* 947 S.W.2d 678, 680 (Tex.App.-Texarkana 1997, no pet.). Where there has been no objection, the error is reversible only if the appellant has shown that the error caused him egregious harm. *Abdnor v. State,* 871 S.W.2d 726, 732 (Tex.Crim.App.1994); *Peterson v. State,* 942 S.W.2d 206, 208 (Tex. App.-Texarkana 1997, pet. ref'd).

"Egregious harm consists of errors affecting the very basis of the case, or that deprive the defendant of a valuable right, vitally affect a defensive theory, or make the case for conviction or punishment clearly and significantly more persuasive." *Hall v. State,* 937 S.W.2d 580, 583 (Tex.App.-Texarkana 1996, pet. ref'd). Where a defendant does not object to the charge, reversal is required only if the harm is so egregious that the defendant has not had a fair and impartial trial. *Rudd v. State,* 921 S.W.2d 370, 373 (Tex. App.-Texarkana 1996, pet. ref'd). We determine harm in light of the entire jury charge, the state of the evidence (including contested issues and the weight of the probative evidence), the argument of counsel, and any other relevant information revealed by the record as a whole. *Mann v. State,* 964 S.W.2d 639, 641 (Tex.Crim. App.1998); *Rudd,* 921 S.W.2d at 373. However, direct evidence of harm is not necessary in order to establish egregious

harm. *Hutch v. State,* 922 S.W.2d 166, 171 (Tex.Crim.App.1996). Article 37.07, § 4(a) requires the trial court to inform the jury of the effects of parole and good conduct time for every noncapital felony listed under TEX.CODE CRIM. PROC. ANN. art. 42.12, § 3g(a) (Vernon Supp.2000). TEX. CODE CRIM. PROC. ANN. art. 37.07, § 4(a). Giving this instruction is a blanket requirement, regardless of whether the defendant is actually eligible for such time. *Id.* The mandatory nature of this instruction has recently been challenged in several courts of appeals, to determine if this instruction is misleading or unconstitutional when the defendant is not eligible for such time, and three petitions for review have recently been granted by the Texas Court of Criminal Appeals. *Edwards v. State,* 10 S.W.3d 699, 703 (Tex.App.-Houston [14th Dist.] 1999, pet. granted); *Luquis v. State,* 997 S.W.2d 442, 443 (Tex.App.-Beaumont 1999, pet. granted); *Jimenez v. State,* 992 S.W.2d 633, 636–38 (Tex.App.-Houston [1st Dist.] 1999, pet. granted); *see also Cagle v. State,* 23 S.W.3d 590 (Tex.App.-Fort Worth July 6, 2000, no pet. h.); *Ballard v. State,* No. 05–97–01452–CR, 2000 WL 99871, 2000 Tex.App. LEXIS 691 (Tex.App.-Dallas Jan. 31, 2000, no pet. h.); *Hyde v. State,* 970 S.W.2d 81, 88–89 (Tex.App.-Austin 1998, pet. ref'd); *Martinez v. State,* 969 S.W.2d 497, 499–501 (Tex.App.-Austin 1998, no pet.).

■ While the outcome of this constitutionality argument would affect Hill's case, since he was convicted of aggravated robbery and thus is not eligible for good conduct time or mandatory supervision, the error complained of in his case is even more severe. In the above-cited cases, where Article 37.07, § 4(a) was said to be misleading and unconstitutional, the jury was at least accurately informed as to how the parole laws and good conduct time work. This is important, because according to Article 37.07, § 4(a), the jury "may consider the existence of the parole law and good conduct time" in making its decision. TEX.CODE CRIM. PROC. ANN. art. 37.07, § 4(a).

In this case, the jury had no choice but to believe that under the existing law it is possible for the defendant to become eligible for parole when "the actual time served plus good conduct time equals one-half of the sentence imposed or thirty (30) years, whichever is less." However, Article 37.07, § 4(a) states in clear language that no person is eligible for parole until he has actually served half of the sentence imposed, "without consideration of any good conduct time he may earn." TEX.CODE CRIM. PROC. ANN. art. 37.07, § 4(a). The court's misstatement of the law in this case misled the jury and seriously affected how it viewed the existence of parole and good conduct time, which the instructions plainly told the jury it could consider.

The Beaumont Court of Appeals is the only other court that has addressed an express misstatement of Article 37.07, § 4(a). *Shavers v. State,* 985 S.W.2d 284, 291–92 (Tex.App.-Beaumont 1999, pet. ref'd). In *Shavers,* the Beaumont court held that "[t]he misstatement of law in the charge, in effect, tells the jury that the defendant may be eligible for parole at an earlier date because of good conduct time," but that this error did not result in a showing of egregious harm because of certain mitigating factors,[1] including a curative instruction, which told the jury that it was not to consider how good conduct time or parole would affect this particular defendant. *Id.* at 292.

■ While we understand the reasoning of the Beaumont court, we disagree with its narrow characterization of how this charge error misinforms the jury. This

---

1. The *Shavers* court relied on other mitigating factors, such as the brutality of the crime, the overwhelming evidence of guilt, the failure by either side to mention or comment on the effect or eligibility of the defendant for parole or good conduct time, and the fact that the jury's assessment of punishment was less severe than the maximum, which was sought by the State. *Shavers v. State,* 985 S.W.2d 284, 292 (Tex.App.-Beaumont 1999, pet. ref'd).

misstatement clearly affects not only the jury's idea of when this particular defendant is eligible for parole, but it also misleads the jury about the general existence of the parole laws and good conduct time. This is an important distinction, because while the jury's mistaken belief as to when Hill is eligible for parole can be cured by the mitigating instruction, the misstatement about the parole system itself cannot and is not cured by such instruction. "In some cases, erroneous jury instructions alone can demonstrate egregious harm." *Brooks v. State,* 967 S.W.2d 946, 950 (Tex. App.-Austin 1998, no pet.), *citing Hutch,* 922 S.W.2d at 171; *see Ruiz v. State,* 753 S.W.2d 681, 687 (Tex.Crim.App.1988) (failure of judge to instruct jury on state's burden, which effectively lowered state's burden of proof, may have misled the jury and was egregious harm); *Manning v. State,* 730 S.W.2d 744, 750 (Tex.Crim.App. 1987) (improperly stated burden of proof which may have harmed appellant was egregious harm). There is no doubt in this case that the jury was inaccurately informed and misled by the court's charge. Therefore, we find that the error in the charge amounted to egregious harm, and we sustain Hill's first point of error.

We affirm the judgment of conviction, but remand this case for a new trial on punishment.

WILLIAM J. CORNELIUS, Chief Justice, dissenting.

It is presumed that a jury follows and understands a court's charge unless there is evidence to the contrary. *Hutch v. State,* 922 S.W.2d 166 (Tex.Crim.App. 1996). Applying the presumption that the jury followed its instructions, Hill suffered no harm because the jury was directly and explicitly told not to consider how parole might apply to Hill.

The prosecutor did obliquely mention the parole charge in his closing argument. He did not, however, mention the erroneous language in the charge, and he did not urge the jury to assess the thirty-year sentence to compensate for a possible early parole. Instead, as the State points out, the prosecution urged the jury to assess thirty years because of the fact that Hill committed three armed robberies on the same day when he had only been released from the Texas Youth Commission for four months, Hill robbed to get money to purchase drugs, and Hill showed no remorse for his actions, but rather treated the offenses and his threats against the victims flippantly. For example, the prosecutor said:

I don't think Mr. Hill should go to prison for life. I don't think you should give him 99, or 75, or anything like that.... [Y]ou need to give Mr. Hill no less than 30 years.... That's not his full life, and we had a little discussion at jury selection, if you read your jury instructions closely, toward the end it will explain all this to you, ....

30 years in the Texas Department of Corrections, based on what you read in that charge, is what society deserves. .... And when you go back there in that jury room, 30 years will tell Mr. Hill that we're not animals, that we are civilized human beings who have some concern for each other and a government that actually cares about its citizens, and 30 years is what you should get for committing three robberies, four months out of TYC.

Hill argues that egregious harm is shown because of the length of the sentence. I disagree. The record shows that only four months after being released from a two to three year stint in Texas Youth Commission for drug use and possession of a firearm, Hill committed three armed robberies during the course of a single day and used the money to purchase drugs. There was testimony that he showed no remorse for the crimes. The potential range of punishment for this offense was five to ninety-nine years, and a fine of up to $10,000.00. Under such circumstances, and considering the fact that the jury could have chosen to sentence him to nine-

ty-nine years in prison, I cannot conclude that Hill was harmed by the charge error.

I respectfully dissent.