**Reginald Minor WARD, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–99–477–CR.**

Court of Appeals of Texas, Fort Worth.

March 7, 2002.

Publication Ordered April 25, 2002.

Kearney & Westfall, Wm. Reagan Wynn, Fort Worth, for appellant.

Tim Curry, Crim. District Atty., Charles M. Mallin, Chief of Appellate Div., David M. Curl, Michael Meyer, Amy Collum, Ass't District Attorneys, Fort Worth, for appellee.

PANEL A: CAYCE, C.J., DAY and DAUPHINOT, JJ.

## OPINION

LEE ANN DAUPHINOT, Justice.

A jury convicted Appellant Reginald Minor Ward of the offense of possession of cocaine in an amount less than one gram. In accordance with a punishment agreement reached between the State and Appellant, the trial court sentenced Appellant to 180 days' confinement in a state jail facility. On appeal, Appellant brings two points arguing that the trial court impermissibly commented on the weight of the evidence in its charge to the jury in violation of the Due Process Clause of the United States Constitution and article 36.14 of the Texas Code of Criminal Procedure.[1] Finding no reversible error, we affirm.

## FACTUAL BACKGROUND

On August 26, 1998, Fort Worth police officers following up on a narcotics complaint went to Appellant's residence. Both Appellant and his wife were at the residence when police arrived. Appellant signed a consent to search form. During the subsequent search, officers found Appellant's wallet, a glass pipe, and a clear plastic baggie containing a white powdery substance, later determined to be cocaine, on top of an entertainment center in Ap-

---

1. U.S. Const. amend. XIV; Tex.Code Crim. Proc. Ann. art. 36.14 (Vernon Supp.2002).

pellant's and his wife's bedroom. Officers also found approximately five pounds of marijuana in the residence. Appellant's wife claimed ownership of the marijuana, and officers arrested her at the scene. She was later charged with, and given a probated sentence for, possession of marijuana. Appellant's wife testified at his trial that the cocaine was not hers. She also testified that there were two other adults living in the residence at the time of the search.

## COMMENT ON THE EVIDENCE

In his first point, Appellant contends that the trial court improperly commented on the weight of the evidence in its charge to the jury at the guilt phase of the trial in violation of article 36.14 of the code of criminal procedure.[2] Article 36.14 provides that "the judge shall ... deliver to the jury ... a written charge ... not expressing any opinion as to the weight of the evidence."[3] The trial court instructed the jury, in pertinent part, as follows:

A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result.

A person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the

circumstances exist. A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result. *A person's mental state may be inferred from words spoken and acts done.* [Emphasis added.]

Appellant argues that this last statement constitutes a comment on the weight of the evidence, allowing the jury to "automatically infer" the existence of the requisite mental state once it found that Appellant possessed the cocaine.

■ As a threshold matter, the State argues that Appellant has waived his complaint on this point because his counsel affirmatively approved the charge submitted at trial by declaring: "I have no problem with it, Your Honor. I think it is fine the way it is." In support of its contention, the State relies on two cases from the Houston First Court of Appeals, holding that a defendant can waive his right to complain about error in the jury charge by affirmatively stating that he has no objection to the charge.[4] In *Webber v. State,* the Houston Fourteenth Court of Appeals disapproved of the holdings in these two cases, rejecting the affirmative approval analysis of potential jury charge error as inconsistent with *Almanza.*[5] The court concluded:

It is clear from a plain reading of *Almanza* that the Court of Criminal Appeals already has rejected the notion

---

2. Tex.Code Crim. Proc. Ann. art. 36.14.

3. *Id.*

4. *See Ly v. State,* 943 S.W.2d 218, 220–21 (Tex.App.-Houston [1st Dist.] 1997, pet. ref'd) (holding defendant could not challenge on appeal trial court's failure to include parole law instruction in punishment charge, where defense counsel affirmatively stated that there were no objections when trial court presented punishment charge to counsel and asked for

their objections); *Reyes v. State,* 934 S.W.2d 819, 820 (Tex.App.-Houston [1st Dist.] 1996, pet. ref'd) (holding that, by affirmatively endorsing charge, defendant voluntarily relinquished his right to complain on appeal that judge committed fundamental error in submitting charge).

5. *Webber v. State,* 29 S.W.3d 226, 232 (Tex. App.-Houston [14th Dist.] 2000, pet. ref'd).

that all unobjected to error is waived. Furthermore, the Court of Criminal Appeals has continued to apply *Almanza* and use the egregious harm test for unobjected to errors without mentioning waiver by affirmative approval of the jury charge.[6]

In *Bluitt v. State,* this court agreed with the *Webber* court's analysis, holding that "there should be no distinction drawn between waiver by silence or by affirmative approval where there is jury charge error." [7] Consequently, we reject the State's argument in the case now before us that Appellant has forfeited his complaint of error in the jury charge.

In *Garcia v. State,* the court of criminal appeals addressed the issue of whether inclusion of the phrase, "intent or knowledge may be inferred by acts done or words spoken," in the court's charge at the guilt phase of the trial constituted an impermissible comment on the evidence.[8] The *Garcia* court did not hold that such instruction was erroneous, but rather assumed that it was, and proceeded to conduct a harm analysis.[9] In *Lam v. State,* the San Antonio Court of Appeals, relying on what it termed the "implicit holding" in *Garcia,* held that the trial court erred by instructing the jury "that intent may be inferred from acts done, if any, or words spoken, if any" because such instruction was an impermissible comment on the weight of the evidence in violation of article 36.14.[10] In *Peterson v. State,* the Tex-

arkana Court of Appeals, again relying on *Garcia,* held that the trial court's instructions to the jury that "[i]ntent or lack of intent may be inferred from the facts and circumstances" and "[k]nowledge or lack of knowledge may be inferred from the facts and circumstances" were improper comments on the weight of the evidence.[11]

The court of criminal appeals has held that a trial court impermissibly comments on the evidence in instructing the jury that intent to kill may be inferred from the use of a deadly weapon.[12] Additionally, that court has held that a trial court's instruction to the jury that the intent to commit theft could be presumed from the act of breaking and entering at nighttime was a comment on the weight of the evidence.[13] In *Browning,* the court wrote,

> In any given case the jury could make any number of reasonable inferences. But when the trial court, the only source of law the jury has, picks out only one such inference and instructs the jury that that one, though rebuttable, is a presumption provided by law, the court gives the force of law to that one possible inference. . . . We do not hold that the jury may not make such an inference, nor that an appellate court in reviewing the sufficiency of the evidence may not assume that the jury made such a reasonable inference. The error lies in *instructing* the jury that they may

---

6. *Id.*

7. 70 S.W.3d 901, 906 (Tex.App.-Fort Worth 2002, no pet. h.).

8. 919 S.W.2d 370, 396 (Tex.Crim.App.1994) (op. on reh'g).

9. *Id.* at 396–97.

10. 25 S.W.3d 233, 240 (Tex.App.-San Antonio 2000, no pet.).

11. 942 S.W.2d 206, 207–08 (Tex.App.-Texarkana 1997, pet. ref'd).

12. *Mercado v. State,* 718 S.W.2d 291, 293 (Tex.Crim.App.1986).

13. *LaPoint v. State,* 750 S.W.2d 180, 182–83 (Tex.Crim.App.1986) (op. on reh'g); *Browning v. State,* 720 S.W.2d 504, 507–08 (Tex. Crim.App.1986).

apply such an inference.[14]

Thus, while the court of criminal appeals has not held that the precise instruction challenged in the case now before us constitutes a comment on the weight of the evidence, we nevertheless find that it is sufficiently similar to the language that the court has held to be erroneous to cause concern. Taken in the context in which it was given, the instruction improperly tells the jury how to consider certain evidence before it. While it is indeed permissible for a jury to infer mental culpability from an accused's acts, words, and conduct, the trial court may not instruct the jury that it may apply such an inference.[15]

Consequently, we hold that the trial court erred in including the complained-of instruction in its charge to the jury, as such instruction comprised a comment on the weight of the evidence in violation of article 36.14 of the code of criminal procedure. Having determined that error occurred, we must next evaluate whether sufficient harm resulted from the error to require reversal.[16] Because Appellant did not object at trial to the error in the court's charge, we must decide whether the error was so egregious and created such harm that Appellant did not have a fair and impartial trial—in short, that "egregious harm" has occurred.[17]

In making this determination, "the actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole."[18] The purpose of this review is to illuminate the actual, not just theoretical, harm to the accused.[19] Egregious harm is a difficult standard to prove and must be determined on a case-by-case basis.[20]

The record reveals ample evidence from which the jury could conclude that Appellant intentionally or knowingly possessed the cocaine found in his bedroom. Appellant's wife denied that the contraband was hers, and there was no evidence that it belonged to anyone else. Appellant's primary defense at trial was police overreaching. Additionally, Appellant pointed to evidence that there were two other adults living in his home at the time of the search and argued that he did not possess the cocaine recovered. Appellant did not, however, argue his lack of intent, nor did he argue that he was not aware of the existence of the cocaine in his bedroom. Furthermore, Appellant does not contend that the instruction misled the jury or led the jury down a particular path.

Accordingly, after a careful review of the entire record, we are unable to conclude that the erroneously included jury instruction deprived Appellant of a fair and impartial trial. We, therefore, hold

---

14. *Browning,* 720 S.W.2d at 507.

15. *See Hernandez v. State,* 819 S.W.2d 806, 810 (Tex.Crim.App.1991), *cert. denied,* 504 U.S. 974, 112 S.Ct. 2944, 119 L.Ed.2d 568 (1992).

16. *Abdnor v. State,* 871 S.W.2d 726, 731 (Tex. Crim.App.1994).

17. *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App.1985) (op. on reh'g); *see* Tex.

Code Crim. Proc. Ann. art. 36.19 (Vernon 1981); *Hutch v. State,* 922 S.W.2d 166, 171 (Tex.Crim.App.1996).

18. *Almanza,* 686 S.W.2d at 171; *see generally Hutch,* 922 S.W.2d at 172–74.

19. *Almanza,* 686 S.W.2d at 174.

20. *Hutch,* 922 S.W.2d at 171.

that such error did not rise to the level of creating egregious harm. Consequently, we overrule Appellant's first point on appeal.

## DUE PROCESS

In his second point, Appellant argues that the trial court's inclusion of the phrase, "A person's mental state may be inferred from words spoken and acts done," violated his right to due process under the Fourteenth Amendment to the United States Constitution.[21] We disagree.

▮▮▮ The Due Process Clause of the Fourteenth Amendment "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged."[22] This principle prohibits the use of evidentiary presumptions in a jury charge that have the effect of relieving the State of its burden of persuasion beyond a reasonable doubt of every essential element of an offense.[23] The issue before us, therefore, is whether the challenged jury instruction effectively relieved the State of its burden of proof on the question of Appellant's state of mind.[24] We hold that it did not.

▮▮▮ As an initial matter, we must determine whether the challenged portion of the trial court's charge to the jury created a mandatory presumption or merely a permissive inference.[25] A mandatory presumption instructs the jury that it must infer the presumed fact if the State proves certain predicate facts.[26] A permissive inference suggests to the jury a possible conclusion to be drawn if the State proves predicate facts, but does not require the jury to draw that conclusion.[27] Mandatory presumptions violate the Due Process Clause if they relieve the State of the burden of persuasion on an element of an offense.[28] For example, charges which include phrases such as "are presumed" or "the law presumes" create mandatory presumptions.[29] A permissive inference, on the other hand, does not relieve the State of its burden of persuasion because it still requires the State to convince the jury that the suggested conclusion should be inferred based upon the predicate facts proved.[30] A permissive inference violates the Due Process Clause only if the suggested conclusion is not one that reason and common sense justify in light of the proven facts before the jury.[31] The relevant inquiry is what a reasonable juror could have understood the charge to mean.[32]

Here, the challenged instruction was not phrased as a command. Rather, it allowed

21. U.S. Const. amend. XIV.

22. *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368 (1970).

23. *Francis v. Franklin*, 471 U.S. 307, 313, 105 S.Ct. 1965, 1970, 85 L.Ed.2d 344 (1985).

24. *See id.*, 471 U.S. at 313, 105 S.Ct. at 1970–71; *Sandstrom v. Montana*, 442 U.S. 510, 521, 99 S.Ct. 2450, 2458, 61 L.Ed.2d 39 (1979).

25. *Francis*, 471 U.S. at 313–14, 105 S.Ct. at 1971.

26. *Id.* at 314, 105 S.Ct. at 1971.

27. *Id.*

28. *Id.*

29. *See id.*, 471 U.S. at 316, 105 S.Ct. at 1972; *Sandstrom*, 442 U.S. at 515, 99 S.Ct. at 2454; *Webber*, 29 S.W.3d at 231.

30. *Francis*, 471 U.S. at 314, 105 S.Ct. at 1971.

31. *Id.* at 314–15, 105 S.Ct. at 1971.

32. *Id.* at 315–16, 105 S.Ct. at 1971–72; *Sandstrom*, 442 U.S. at 516–17, 99 S.Ct. at 2455–56.

but did not require the jury to draw conclusions about Appellant's mental state from proof of his words or actions. Considered within the context of the charge as a whole, we cannot conclude that a reasonable juror could have viewed the instruction as mandatory.[33] The instruction did not identify a specific set of facts and then compel the jury to draw a certain conclusion based upon those facts. Furthermore, a rational trier of fact could make the connection permitted by the instruction, that is, between Appellant's conduct and his mental state.[34] Accordingly, we hold that the instruction was a permissive inference, and that Appellant has suffered no denial of due process by the trial court's inclusion of the instruction in its charge to the jury. We overrule Appellant's second point.

### CONCLUSION

Having overruled both of Appellant's points on appeal, we affirm the trial court's judgment.

---

**33.** *See Sandstrom,* 442 U.S. at 514–15, 99 S.Ct. at 2454.

**34.** *See Ulster County Court v. Allen,* 442 U.S. 140, 157, 99 S.Ct. 2213, 2225, 60 L.Ed.2d 777 (1979).