**Affirmed and Opinion Filed April 24, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00281-CR

**JOE BARRY FERGUSON, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 291st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1235370-U**

## MEMORANDUM OPINION

Before Justices Francis, Lang-Miers, and Whitehill
Opinion by Justice Whitehill

Jo Barry Ferguson pled guilty to sexual assault of a child and the jury assessed punishment at fifteen years' imprisonment. In a single issue on appeal, Ferguson argues he was egregiously harmed by the jury charge's misstatement of his parole eligibility. We conclude Ferguson was not egregiously harmed and affirm the trial court's judgment.

## BACKGROUND

Ferguson sexually assaulted the complainant on several occasions, beginning when the child was eleven years old. The offense at issue here occurred in Dallas County. The remaining offenses occurred in Travis County.[1]

---

[1] Ferguson pled guilty to the Travis County offenses and was sentenced to four years' imprisonment for indecency with a child by contact and six years' community supervision for indecency with a child by exposure.

Ferguson was charged with sexual assault of a child in this case. He pled guilty and elected to have the jury assess punishment. After hearing the evidence, the jury sentenced Ferguson to fifteen years' imprisonment and a $10,000 fine.

Ferguson moved for a new trial, and timely perfected this appeal. The motion for new trial was overruled by operation of law.

## ANALYSIS

### A. *Issue on Appeal and Standard of Review*

Appellant contends that he suffered egregious harm because the jury charge erroneously advised the jury about his eligibility for parole. Our first duty when analyzing a jury-charge issue is to decide whether error exists. *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012). If error exists, we then determine whether the error caused sufficient harm to warrant reversal. *Ngo v. State*, 175 S.W.3d 738, 743–44 (Tex. Crim. App. 2005). The State concedes the charge was error, and we agree.

When, as here, the error was not objected to, the error must be "fundamental" and requires reversal "only if it was so egregious and created such harm that the defendant 'has not had a fair and impartial trial.'" *See Barrios v. State*, 283 S.W.3d 348, 350 (Tex. Crim. App. 2009) (quoting *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g)). Egregious harm exists when the record shows that a defendant has suffered actual, rather than merely theoretical, harm from jury-charge error. *Nava v. State*, 415 S.W.3d 289, 298 (Tex. Crim. App. 2013); *Almanza*, 686 S.W.2d at 174. Egregious harm consists of error affecting the very basis of the case, depriving the defendant of a valuable right, or vitally affecting a defensive theory. *Nava*, 415 S.W.3d at 298 (citing *Cosio v. State*, 353 S.W.3d 766, 777 (Tex. Crim. App. 2011)).

*B. Was Ferguson egregiously harmed?*

Ferguson contends he was egregiously harmed because of the potential for the jury to sentence him more harshly "to compensate for what it could perceive as the possibility that he might otherwise be released from prison too soon due to 'good conduct time.'" *See Luquis v. State*, 72 S.W.3d 355, 362 (Tex. Crim. App. 2002). We assess the alleged harm in light of "the entire jury charge, the state of the evidence (including the contested issues and the weight of probative evidence), the arguments of counsel, and any other relevant information revealed by the record of the trial as a whole." *Nava*, 415 S.W.3d at 298.

**The Charge as a Whole**

The purpose of the jury charge is to inform the jury of the relevant law and guide them in applying that law. *Hutch v. State*, 922 S.W.2d 166, 170 (Tex. Crim. App. 1996). Because Ferguson was found guilty of sexual assault of a child and the jury was to assess punishment, the trial court was required to include an instruction on parole in the charge. *See* TEX. CODE CRIM. PROC. ANN. art. 37.07 § 4(a) (West 2014); *see also Powell v. State*, No. 05-12-01158-CR, 2013 WL 3951621, at *3 (Tex. App.—Dallas Aug. 1, 2013, no pet.) (mem. op. not designated for publication). The statutory instruction reads:

> Under the law applicable in this case, if the defendant is sentenced to a term of imprisonment, the defendant will not become eligible for parole until the actual time served equals one-half of the sentence imposed or 30 years, *whichever is less, without consideration of any good conduct time the defendant may earn. If the defendant is sentenced to a term of less than four years, the defendant must serve at least two years before the defendant is eligible for parole.* Eligibility for parole does not guarantee that parole will be granted.

TEX. CODE CRIM. PROC. ANN. art. 37.07 § 4(a) (emphasis added). Instead, the trial court erroneously submitted the following instruction:

> Under the law applicable in this case, if the defendant is sentenced to a term of imprisonment, he will not become eligible for parole until the actual time served *plus any good conduct time earned equals one-half of the sentence imposed.* Eligibility for parole does not guarantee that parole will be granted.

–3–

Thus, the jury was erroneously informed that Ferguson's good conduct time would expedite his eligibility for parole.[2] We consider this error in conjunction with the remainder of the charge.

The charge informed the jury that the range of punishment for this offense was "not more than 20 years or less than two years" and "a fine not to exceed $10,000." The charge also included a limiting instruction informing the jury that they were not to consider good conduct time or how parole law might be applied to Ferguson. This instruction, which immediately follows the erroneous instruction, states:

> You may consider the existence of the parole law and good conduct time. However, you are not to consider the extent to which good conduct time may be awarded to or forfeited by this particular defendant. You are not to consider the manner in which the parole law may be applied to this particular defendant.
>
> You are instructed that in determining the punishment in this case, you are not to discuss among yourselves how long the defendant will be required to serve any sentence you decide to impose. Such matters come within the exclusive jurisdiction of the Board of Pardons and Paroles and the Governor of the State of Texas and are no concern of yours.

We presume the jury follows the instructions given in the charge. *Luquis*, 72 S.W.3d at 366.; *Thrift v. State,* 176 S.W.3d 221, 224 (Tex. Crim. App. 2005). And a curative instruction, in combination with other factors, may cure any error. *See Igo,* 210 S.W.3d at 647; *Soria v. State*, No. 07-10-0061-CR, 2012 WL 1570969, at *7 (Tex. App.—Amarillo April 27, 2012, pet. ref'd) (mem. op. not designated for publication).

Ferguson, however, relies on a Texarkana Court of Appeals' decision to argue that the misstatement of the law affected the jury's idea of when Ferguson was eligible for parole and misled the jury about parole and good conduct time. *See Hill v. State*, 30 S.W.3d 505, 508–09

---

[2] The jury should have been instructed that Ferguson would not become eligible for parole until the actual time served, *without considering good conduct time*, equaled one-half of the sentence imposed. *See* TEX. CODE CRIM. PROC. ANN. art. 37.07 § 4(a) (West Supp. 2014); *Igo v. State*, 210 S.W.3d at 646.

(Tex. App.—Texarkana 2000, no pet.). In *Hill*, the court reasoned that because the jury had been misled, an instruction not to consider how parole law applied to the defendant would not cure the error. *Id.*; *but see Newman v. State*, 49 S.W.3d 577, 581 (Tex. App.—Beaumont 2001, pet. ref'd) (observing that curative instruction prevents harm by warning jury that it cannot consider parole and good conduct in assessing the sentence).

But in a subsequent case, the Texarkana Court of Appeals seemed to distance itself from *Hill*. Relying on *Ross v. State*, 133 S.W.3d 618, 618 (Tex. Crim. App. 2004), a decision that had not issued at the time of *Hill*, the Court held that an erroneous parole instruction did not cause egregious harm. *See Taylor v. State*, 146 S.W.3d 801, 813 (Tex. App.—Texarkana 2004, pet. ref'd) (citing *Ross*, 133 S.W.3d at 618).

*Ross* was a capital case where trial counsel objected to the parole instruction. Therefore, the standard of review required only a showing of "some harm." *Id.* The *Ross* court considered the curative instruction in the charge and that nothing in the record suggested that the jury tried to apply what they were told about parole. *Id.* at 624. The Court also noted that the jury did not express any confusion about the issue, and that the argument of counsel correctly informed the jury that a life sentence would require the defendant to serve at least forty years in prison. *Id.* As a result, the Court concluded that there was not a reasonable likelihood that the charge misled the jury into believing that the defendant would be released from prison in less than forty years. *Id.*

*Ross* is also persuasive here. There is nothing to suggest that the jury did not follow the court's instruction regarding the consideration of good time and parole. There is also no evidence that the jury expressed any confusion about the court's instructions. Although Ferguson argues these factors are not dispositive, these are nonetheless factors to consider. *See Ross*, 133 S.W.3d at 624. The charge as a whole does not weigh in favor of a finding of egregious harm.

**The State of the Evidence**

Ferguson signed a judicial confession and entered an open plea of guilty before the jury. The victim testified that after his father died, Ferguson began helping his mother by taking him to school and extracurricular activities. The victim would stay at Ferguson's house, and would spend the night once or twice a month. Ferguson bought a play station video game for the victim to use while he was there. He also bought a boat, and would take the victim and his sister to the lake, and he bought the victim an air gun.

The victim was eighteen years' old when he testified, and stated that the abuse began when he was about eleven years old. The contact began with Ferguson putting his hands inside the victim's pants, and occurred on multiple occasions. Eventually, Ferguson stuck his thumb in the victim's anus.

When the latter incident occurred, the victim was fourteen or fifteen years old and was spending the night at Ferguson's house. The victim cried silently during the assault and prayed that it would end. The next day, when Ferguson drove him home, the victim fell asleep in the car. He awakened when he felt someone touching his hand, and he discovered that his hand had been placed in Ferguson's lap and was touching his penis.

The victim became angry a lot and started skipping school. The abuse has made him not trust people. He has gone to counseling, but does not like talking about the abuse.

The victim's mother testified about the outcry. The victim had refused to go with his mother and sister on a trip to Ferguson's condominium and had been fighting with his mother. He wrote a letter to his mother explaining that he did not want to go because Ferguson had been abusing him. The letter was admitted into evidence and read for the jury.

The State introduced evidence of Ferguson's convictions for the Travis County offenses. Specifically, the judgment of conviction for indecency with a child by contact and the judgment for indecency with a child by exposure were admitted into evidence.

The attorney who represented Ferguson in Travis County testified for the defense. He reported that Ferguson had asked about counseling and he insisted on accepting the plea bargain so that the victim would not have to testify. The lawyer believed Ferguson showed genuine remorse.

The defense called a counselor and sex offender treatment provider who counseled Ferguson for about nine months. She opined that Ferguson was very motivated in his treatment. She also testified that it is a "long term process" for victims to overcome the effects of sexual abuse.

The defense also called a psychologist who performed a risk assessment on Ferguson. The psychiatrist opined that Ferguson has a low overall probability for committing a new sexual offense.

Viewing the evidence as a whole, it offers sufficient support to explain the jury's assessment of punishment without suggesting harm from the charge.

### Argument of Counsel

Neither the State nor the defense mentioned either parole or good time credit during argument. The State asked for the maximum sentence of twenty years. The defense emphasized testimony demonstrating that Ferguson has a low risk of re-offending and his "prognosis for treatment is outstanding." The defense also argued that Ferguson is a caring, loving, seventy-one year-old individual and had been diligent about adhering to the conditions of his bond. The defense asked for a sentence of four years or less. Neither argument weighs in favor of or against a conclusion of harm.

**Other Relevant Information**

The range of punishment for sexual assault of a child, a second degree felony, is imprisonment "for any term of not more than 20 years or less than 2 years" and a "fine not to exceed $10,000." *See* TEX. PENAL CODE ANN. § 12.33 (West 2011); TEX. PENAL CODE ANN. §22.011(f) (West 2011). The jury assessed punishment at fifteen years' imprisonment and a $10,000 fine, less than the maximum sentence requested by the State. This fact weighs against Ferguson's argument that he was egregiously harmed. *See Hogan v. State*, 440 S.W.3d 211, 218 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd).

## III. CONCLUSION

In light of the entire charge, the state of the evidence, counsel's arguments, and the record as a whole, we conclude that the trial court's erroneous statement of the statutorily mandated instruction did not deprive Ferguson of a valuable right. *See Igo,* 210 S.W.3d at 647–48 (holding erroneous parole instruction did not cause egregious harm although maximum sentence was assessed where charge contained admonishing language, parole law not mentioned in closing argument, and evidence regarding punishment was exceptionally strong); *Stewart v. State*, 293 S.W.3d 853, 856–60 (Tex. App.—Texarkana 2009, pet. ref'd) (concluding remainder of charge correct and included admonishing language, nothing suggested jury acted on erroneous language or had any question concerning application or meaning of parole law, and counsel's arguments emphasized to jury that it was not to consider parole law in assessing punishment). We resolve Ferguson's sole issue against him. The trial court's judgment is affirmed.

/Bill Whitehill/

Do Not Publish
TEX. R. APP. P. 47
140281F.U05

BILL WHITEHILL
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JOE BARRY FERGUSON, Appellant

No. 05-14-00281-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1235370-U.
Opinion delivered by Justice Whitehill.
Justices Francis and Lang-Miers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered April 24, 2015.