ACCEPTED
06-15-00154-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
10/16/2015 3:48:31 PM
DEBBIE AUTREY
CLERK

## NO. 06-15-00154-CR

\* \* \* \* \* \* \* \* \* \* \* \* \*

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
10/19/2015 8:47:00 AM
DEBBIE AUTREY
Clerk

## IN THE COURT OF APPEALS

## SIXTH APPELLATE DISTRICT OF TEXAS

## TEXARKANA TEXAS

\* \* \* \* \* \* \* \* \* \*

ARTIS LADELL WILLIAMS,
                    Appellant

VS.

THE STATE OF TEXAS,
                    Appellee

\* \* \* \* \* \* \* \* \* \*

Appealed from the 71st District Court
Harrison County, Texas
Trial Court No. 15-0053X

_____

## BRIEF OF APPELLANT
_____

EBB B. MOBLEY
State Bar # 14238000
Attorney at Law
422 North Center St.-Lower Level
P. O. Box 2309
Longview, TX   75606
Telephone: (903) 757-3331
Facsimile: (903) 753-8289
ebbmob@aol.com

ATTORNEY FOR APPELLANT

ARTIS LADELL WILLIAMS,
                                          Appellant

VS.

THE STATE OF TEXAS,
                                          Appellee

_____

**IDENTITY OF PARTIES AND COUNSEL**
Pursuant to T.R.A.P. 38.1(a)
_____


| | | |
|---|---|---|
| Appellant: | ARTIS LADELL WILLIAMS<br>Inmate #2023158 | Gurney Unit - TDCJ-ID<br>Palestine, Texas 75803 |
| Appellant's<br>trial counsel: | CRAIG A. FLETCHER<br>Attorney at Law | 110 South Bolivar #210<br>Marshall, Texas 75670 |
| State's trial<br>counsel: | SHAWN ERIC CONNALLY<br>MICHAEL NORTHCUTT JR.<br>Assistant District Attorneys | P.O. Box 776<br>Marshall, Texas 75671 |
| Trial Judge: | HON. BRAD MORIN<br>71st District Judge | 200 West Houston Street, Suite 219<br>Marshall, Texas 75670 |
| Appellant's<br>counsel on appeal: | EBB B. MOBLEY<br>Attorney at law | P. O. Box 2309<br>Longview, TX   75606 |
| State's counsel<br>on appeal: | COKE SOLOMON<br>Criminal District Attorney | P.O. Box 776<br>Marshall, Texas 75671 |

# TABLE OF CONTENTS

Page

IDENTITY OF PARTIES AND COUNSEL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

ISSUES PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

ISSUE NUMBER ONE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Did the trial court err in the manner of submission of the parole law
charge in the punishment charge to the jury?

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

ARGUMENT AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . 6-8

ISSUE NUMBER TWO . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

Did the trial court err in assessing payment of court appointed counsel
fees against the appellant, an indigent person?

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

ARGUMENT AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . 9-10

PRAYER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .11

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

# INDEX OF AUTHORITIES

**Cases**

*Almaza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App. 1984) (opinion on reh'g) . . . .7

*Armstrong v. State,* 340 S.W.3d 759, 765-66 (Tex.Crim.App. 2011) . . . . . . . . . . . . .9

*Cates v. State,* 402 S.W.3d 250, 252 (Tex.Crim.App. 2013) . . . . . . . . . . . . . . . . . . . .10

*Hill v. State,* 30 S.W.3d 505, 509 (Tex.App. - Texarkana 2000, no pet.) . . . . . . . . . . .8

*Loun v. State,* 273 S.W.3d 406 Tex.App. - Texarkana 2008, no pet.) . . . . . . . . . . . . .7

*Martin v. State,* 405 S.W.3d 944, 946-47 (Tex.App. - Texarkana 2013, no pet.) . . . .10

*Mayer v. State,* 309 S.W.3d 552, 556 (Tex.Crim.App. 2010) . . . . . . . . . . . . . . . . . . 9,10

*Rogers v. State,* 38 S.W.3d 725 (Tex.App. - Texarkana 2001, pet. ref'd) . . . . . . . . . . .7

*Skinner v. State,* 956 S.W.2d 532, 544 (Tex.Crim.App. 1997) . . . . . . . . . . . . . . . . . . .7

*Villareal v. State,* 205 S.W.3d 103 (Tex.App. - Texarkana 2006)
    (pet. dismissed, untimely filed) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8

*Wilder v. State,* No. 06-15-00091-CR, slip op. 9-22-15 . . . . . . . . . . . . . . . . . . . . . . .10

**Statutes**

Code of Criminal Procedure Article 26.05(g) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Code of Criminal Procedure Article 37.07(4)(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

Code of Criminal Procedure Article 37.07(4)(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

Code of Criminal Procedure Article 37.07(4)(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

All references to Texas statutes, rules, etc. are to the latest edition published by West Publishing Company, unless otherwise indicated.

## STATEMENT OF THE CASE

This is an appeal from a conviction for possession of methamphetamine and possession of cocaine. ARTIS LADELL WILLIAMS was tried and convicted after his open plea of guilty in the 71st District Court in Harrison County, Texas. He was then sentenced by a jury to 10 years imprisonment for possession of methamphetamine and 15 years imprisonment for possession of cocaine, with the sentences to run concurrently. CR-154.

For clarity, THE STATE OF TEXAS will be referred to as "the State", and ARTIS LADELL WILLIAMS will be referred to as "Defendant" or "Appellant."

## ISSUES PRESENTED

### ISSUE NUMBER ONE

Did the trial court err in the manner of submission of the parole law charge in the punishment charge to the jury?

### ISSUE NUMBER TWO

Did the trial court err in assessing payment of court appointed counsel fees against the appellant, an indigent person?

# STATEMENT OF FACTS

A Harrison County grand jury indicted ARTIS LADELL WILLIAMS on February 26, 2015, for two counts of possession of drugs. CR-8.

Count I alleged possession of methamphetamine in an amount of more than one gram but less than four grams, a third degree felony.

Count II alleged possession of cocaine in an amount more than four grams but less than 200 grams, a second degree felony.

Trial commenced on September 8, 2015, with voir dire. The defendant entered a plea of "not guilty." 6 RR 12.

After testimony of two State witnesses, some 2 ½ hours into the trial, the defendant changed his plea to "guilty" on each count after admonishments by the trial judge. 6 RR 72-74.

The punishment phase of the trial started on September 9, 2015. The State offered certified copies of ten different misdemeanor offenses. 8 RR SX 61-72. The defendant called six witnesses to support his application for community supervision from the jury. During its deliberations the jury sent out a note inquiring whether sentences would run concurrently or consecutively. CR-138. The trial judge declined to directly respond to the note and referred the jury back to the charge. CR-139. In its verdict the jury did not assess community supervision. Rather the jury assessed 10 years for possession of methamphetamine and 15 years for possession of cocaine. CR145-146.

The defendant appeals his sentences and the assessment of court-appointed counsel fees.

## ISSUE NUMBER ONE

Did the trial court err in the manner of submission of the parole law charge in the punishment charge to the jury?

## SUMMARY OF THE ARGUMENT

The trial court's submission of a modified instruction on parole law confused the jury and allowed it to speculate on the effect of parole law on the total length of time of incarceration of the defendant.

## ARGUMENT  AND AUTHORITIES

The punishment charge at issue begins: As to Count I and II: under the law . . . . . CR-142.   The punishment charge was phrased in terms of Code of Criminal Procedure  Article 37.07(4)(c),   as Count I involved a third degree felony and Count II, a second degree felony.  The defendant made no objection to combining the two counts for one parole law instruction.  7 RR 89.  The statute provides that . . . "the court **shall** ( emphasis added) charge the jury in writing as follows: . . . ."  in Sections 4(a),(b), and (c) of Art. 37.07.  There is no provision for the trial judge to edit, alter, modify or consolidate the charge in any way.

The State's opening argument on punishment called for a 10 year sentence for each count.  7 RR 93.    No mention was made of parole.

Defense argument on punishment made no mention of parole, and involved a plea for probation in terms of "a second chance."   7 RR 97-98.

In closing argument on punishment the State's attorney faulted the defendant for not accepting responsibility and asked for a 10 year and a 15 year sentence.  7 RR 105.   No mention was made of parole.

The jury retired for deliberation, and eventually sent out a note inquiring whether the sentences would run concurrently or consecutively. CR-38. The trial court did not directly answer the note. He simply referred the jury to the charge as given. CR-139, 7 RR 107. The defendant made no objection to the response or the summary procedure used to respond to the jury note.

The punishment verdicts included a 10 year sentence for possession of methamphetamine and a 15 year sentence for possession of cocaine. Probation was specifically rejected for each count. CR 145-146.

## STANDARD OF REVIEW

Since Appellant did not object to the punishment charge nor the judge's response to the jury note, his appellate complaint may be sustained only if he can show egregious harm, i.e., harm so great that he was denied a fair and impartial trial. See *Skinner v. State,* 956 S.W.2d 532, 544 (Tex.Crim.App. 1997). *Almaza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App. 1984) (opinion on reh'g). A punishment charge that modified the statutory parole law charge was found to be in error that resulted in some harm. *Rogers v. State,* 38 S.W.3d 725 (Tex.App. - Texarkana 2001, pet. ref'd); *Loun v. State,* 273 S.W.3d 406 Tex.App. - Texarkana 2008, no pet.).

It is apparent that the jury was concerned with the application of the parole law. But the answer of the judge provided no guidance. The jury then assessed the maximum sentence ( 10 years) on Count I and a substantial sentence (15 years) on Count II. It seems reasonable to conclude that in the absence of a substantive response to its note regarding parole, the jury continued to consider parole during its assessment of punishment.

Because the jury obviously had been considering the parole law on the defendant's punishment, because the record fails to demonstrate that the trial court

followed the proper procedural steps in responding to the jury note, and because the jury assessed maximum and substantial sentences, the trial court's erroneous submission of a modified parole instruction resulted in some harm. See *Villareal v. State,* 205 S.W.3d 103 (Tex.App. - Texarkana 2006) (pet. dismissed, untimely filed); *Hill v. State,* 30 S.W.3d 505, 509 (Tex.App. - Texarkana 2000, no pet.).

The judgment should be reversed and the case remanded for a new trial on punishment.

## ISSUE NUMBER TWO

Did the trial court err in assessing payment of court appointed counsel fees against the appellant, an indigent person?


## SUMMARY OF THE ARGUMENT

No evidence in the record supports  assessment of  court appointed counsel fees against ARTIS LADELL WILLIAMS, an otherwise indigent person.


## ARGUMENT  AND AUTHORITIES

The  judgment at bar reflects assessment of $4211.25 in attorney fees against appellant.  CR-154.    Appellant at all times has been represented by court appointed counsel for both trial and appeal.

Under Article 26.05(g) of the Texas Code of Criminal Procedure, a trial court has the authority to order the reimbursement of court appointed attorney fees only if "the court determines that a defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided, including any expenses and costs."  The defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees of legal services provided.  *Armstrong v. State,* 340 S.W.3d 759, 765-66 (Tex.Crim.App. 2011) (quoting *Mayer v. State,* 309 S.W.3d 552, 556 (Tex.Crim.App. 2010).

There is no evidence in the record at bar that appellant's indigent status changed from the time of the initial appointment of trial counsel through the punishment phase of trial.  Code of Criminal Procedure Art. §26.05(g) requires a

present determination of financial resources and does not allow speculation about possible future resources.  See *Cates v. State,* 402 S.W.3d 250, 252 (Tex.Crim.App. 2013); see also *Mayer v. State,* 309 S.W.3d 552, 556 (Tex.Crim.App. 2010); *Martin v. State,* 405 S.W.3d 944, 946-47 (Tex.App.-Texarkana 2013, no pet.), and *Wilder v. State,* No. 06-15-00091-CR, slip op. 9-22-15.

The trial court judgment should be modified to delete the assessment of appointed counsel fees.

## PRAYER

Upon the issues presented, it is submitted that this case should be reversed and remanded for a new trial on punishment; alternatively, the judgment should be modified to delete any assessment of attorney fees.

Respectfully submitted,

EBB B. MOBLEY
Attorney at Law
422 North Center St - Lower Level.
P. O. Box 2309
Longview, TX   75606
Telephone: (903) 757-3331
Facsimile: (903) 753-8289
ebbmob@aol.com

/s/ Ebb B. Mobley
**EBB B. MOBLEY**
State Bar # 14238000

ATTORNEY FOR APPELLANT

## CERTIFICATE OF COMPLIANCE

I certify that this brief contains 1792  words according to the computer program used to prepare the document.

/s/ Ebb B. Mobley
EBB B. MOBLEY

## CERTIFICATE OF SERVICE

A copy of this brief was provided to Coke Solomon, Harrison County District Attorney, P.O. Box 776, Marshall, Texas 75671 on the 16th day of October, 2015, by e-file.

/s/ Ebb B. Mobley
**EBB B. MOBLEY**