

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1447-12

**JOE SHAWN HOLLANDER, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE ELEVENTH COURT OF APPEALS
### EASTLAND  COUNTY

**COCHRAN, J., filed a concurring opinion.**

### O P I N I O N

I join the majority opinion.  I write separately to emphasize that appellant suffered

egregious harm in this case because of the improper use of a permissive presumption that was

given to the jury as an unconstitutional mandatory presumption.  The moral of this story is

that trial judges should not include a reference to any statutory presumption in the jury charge

unless they have very carefully included all of the language of Section 2.05(a)(2) of the Penal

Code which deals with charging the jury on presumptions.[1]  Most of the time jury charges

present presumptions incorrectly because most of the time the jury charge either omits the

required language from Section 2.05(a)(2) entirely or fails to present that language in tandem

with the statutory presumption.  The result is an unconstitutional mandatory presumption

rather than a permissive inference.

In this case, for example, the jury charge began with a statement of the applicable law

concerning criminal mischief.  The very next paragraph set out the statutory presumption.[2]

That paragraph stated flatly, "It is presumed that a person who is receiving the economic

benefit" of utilities has tampered with the utility's property if the water or power has been

diverted around the meter.  That is the language of a mandatory presumption.  There was

nothing in that paragraph, or even later in the jury charge, that explains how a permissive

presumption operates or how the jury should consider a presumption.  The next two sections

---

[1] *See* Majority Op. at n.6 supra for the content of Section 2.05(a)(2).

[2] The first section of the jury charge read as follows:

A person commits the offense of Criminal Mischief–Diversion of Public Service less than $20,000 if, without the effective consent of the owner, he causes to be diverted in whole, in part, or in any manner, including installation or removal of any device for any such purpose, any public communications or public gas or power supply and the amount of pecuniary loss is less than $20,000.

It is presumed that a person who is receiving the economic benefit of public communications, public water, gas, or power supply, has knowingly tampered with the tangible property of the owner if the communication or supply has been diverted from passing through a metering device, prevented from being correctly registered by a metering device, . . . [or] activated by any device to obtain public communications, public water, gas, or power supply without a metering device.

defined the relevant terms, followed by the application paragraph.

Thus, at the very beginning of the charge the jury is told that, if someone received the economic benefit of the electricity, the jury is to presume that he was the person who knowingly tampered with the electric meter and diverted the electricity without paying for it. Nothing in this written charge informs the jury that it must first find, beyond a reasonable doubt, that the defendant did, in fact, receive the economic benefit of the electricity. And nothing in the jury charge tells the jury that it may, *but need not*, apply the presumption. This is the language of a mandatory presumption: If X benefitted from the unpaid-for electricity, he tampered with the meter.

A mandatory presumption is unconstitutional.[3]  Texas statutory presumptions that benefit the State are saved from being unconstitutional only when the language in Section 2.05(a)(2) is included in the jury instructions.  That language informs the jury that the presumption is merely permissive–the jury may accept and apply it if the State proves the underlying facts beyond a reasonable doubt or it may reject the presumption as inapplicable in a particular case.[4]

---

[3] *See Francis v. Franklin*, 471 U.S. 307, 314-15 (1985) (a mandatory presumption violates the Due Process Clause if it relieves the government of the burden of persuasion on an element of the offense).

[4] In this case, for example, a reasonable jury might well reject use of the permissive presumption because, although evidence supported a finding that appellant lived at the house during part of this time period, the evidence also showed that this house (which appellant neither owned or rented) was a "flop house" in which various transients who "needed a place to stay" were living and using drugs.  Some evidence showed that there was no electricity at the house during the times that witnesses saw appellant there.  The transients would also have received an

The United States Supreme Court, in a trio of cases, analyzed how and when presumptions may be used in criminal cases.[5]

First, the reviewing court must determine the nature of the specific presumption or inference; only those presumptions that are clearly and explicitly permissive rather than mandatory pass constitutional muster.[6] The statutory presumption contained in this jury charge was a mandatory presumption: "The law presumes X if Y is proven." A permissive presumption or inference would read: "You may infer X if Y is proven." A mandatory statutory presumption such as this one may not be inserted into the jury instructions without first converting it into a permissive presumption or inference.

Second, the reviewing court must analyze the jury instructions as a whole to determine whether those instructions set out a permissive presumption.[7] The focus is on whether a reasonable juror would understand that they were not required to infer the presumed fact from the base fact.[8] Thus, an instruction that begins, "You may, but are not required to, infer

---

economic benefit from the unpaid-for electricity, so it might be inappropriate to presume that appellant alone, out of all of the various residents at the house, was the person who tampered with the electric meter. This is an instance in which the jury might rationally reject the presumption just as easily as accepting it, but they were not informed that they could do so.

[5] *Francis*, 471 U.S. at 313-25; *Sandstrom v. Montana*, 442 U.S. 510, 524 (1979); *Ulster County Court v. Allen*, 442 U.S. 140, 157-63 (1979); *see also Ward v. State*, 72 S.W.3d 413, 419 (Tex. App.–Fort Worth 2002, no pet.) (discussing the constitutional distinction between mandatory presumptions and permissive inferences).

[6] *Francis*, 471 U.S. at 314-15.

[7] *Id.* at 315.

[8] *Id.*

from proof that X received an economic benefit from the unpaid-for electricity . . ." creates

a permissive inference and is constitutionally acceptable. Conversely, a jury instruction that

beings with the phrase, "The law presumes that . . ." generally creates a mandatory

presumption and is constitutionally infirm.[9]

Third, the jury instructions must clearly inform the jury that it is free to accept or

reject the elemental or presumed fact, and the instruction imposes no evidentiary burden on

the defendant.[10] That is, the jury in this case was required to be told that it need not find that

appellant tampered with the electric meter even if it found that he received an economic

benefit from the unpaid-for electricity.

Fourth and finally, the instructions must clearly inform the jury that the State had the

burden to prove, beyond a reasonable doubt, both the base fact (that appellant received an

economic benefit from the unpaid-for electricity) and all of the elements of the offense. As

a practical matter, the jury instructions should never imply that the defendant has any duty

to rebut the presumption or basic facts (i.e., the jury should not be instructed that "the law

presumes X from proof of Y, but that presumption may be rebutted").

Here, not one of the four prongs of the due-process analysis was satisfied because not

---

[9] *See Carella v. California*, 491 U.S. 263, 265 (1989) (per curiam) (holding a jury instruction to be an unconstitutional mandatory presumption that stated "a person 'shall be presumed to have embezzled' a vehicle if it is not returned within five days of the expiration of the rental agreement; and second, that 'intent to commit theft by fraud is presumed' from failure to return rented property within 20 days of demand.").

[10] *Ulster County Court*, 442 U.S. at 160-62.

one of the required instructions set out in Article 2.05(a)(2) was included in the jury charge. There is a grave likelihood that a jury charge that does not contain the Article 2.05(a)(2) instructions will cause egregious harm to a defendant because of the serious constitutional pitfalls involved in using evidentiary presumptions.  Generally speaking, jury instruction error involving presumptions that appear to be mandatory will cause the defendant "egregious harm" because they violate the constitutional requirement that the State prove every element of an offense beyond a reasonable doubt.  Thus, the bench and bar should exercise great caution in using presumptions in jury instructions[11] and err on the side of omitting them unless every portion of Article 2.05(a)(2) is included in the jury charge and the instructions begin with "You may, but are not required to, infer . . . ."  The jury instructions should *not* include the phrase "The law presumes . . . ."[12]

With these comments, I join the majority.

Filed: December 11, 2013
Publish

---

[11] Instead of running the risk of improperly charging the jury, the experienced prosecutor may prefer to omit any reference to presumption in the written instructions and simply argue the common-sense of the presumption: "Ladies and gentlemen, it is only common sense that the person who will benefit from diverting electric power without paying for it is the very same person who tampered with the electric meter.  Donja know that appellant, who was sometimes living at that property– a house that belonged to his deceased father but was now being used as a flop house for appellant and his friends–benefitted by having free electricity and that he is the person who, not once, but twice, diverted electric power from the meter into his father's house for the benefit of himself and his friends."  The defense can hardly complain that it is not common sense to come to that conclusion when a statutory presumption sets out the proposition.

[12] These constitutional concerns apply only to statutory presumptions that benefit the State, not to presumptions that might benefit the defendant.  *See* TEX. PENAL CODE § 2.05(b).