PD-1543-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 12/31/2015 11:27:50 AM
Accepted 12/31/2015 2:11:15 PM
ABEL ACOSTA
CLERK

PD-1543-15

## IN THE COURT OF CRIMINAL APPEALS

**ERIC BLEDSOE,**

      **APPELLANT**

**V.**                  **NO. PD-1543-15**

**THE STATE OF TEXAS,**

      **APPELLEE**

FILED IN
COURT OF CRIMINAL APPEALS

DECEMBER 31, 2015

ABEL ACOSTA, CLERK

---

*APPELLANT'S PETITION FOR DISCRETIONARY REVIEW OF THE DECISION OF THE COURT OF APPEALS FOR THE SECOND COURT OF APPEALS DISTRICT OF TEXAS IN CAUSE NUMBER 02-14-00450-CR, REVERSING THE JUDGMENT OF THE TRIAL COURT IN CAUSE NUMBER 1325173 IN CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY, TEXAS; THE HONORABLE WAYNE SALVANT, PRESIDING.*

---

## APPELLANT'S PETITION FOR REVIEW (CORRECTED)

---

BARRY G. JOHNSON
State Bar. No. 10683000
2821 E. Lancaster
Ft. Worth, Texas 76103
Barrygj@aol.com
817-531-9665
817-534-9888 FAX
Attorney for Appellant
barrygj@aol.com

## IDENTITIES OF JUDGE, PARTIES, AND COUNSEL

The case was tried before Honorable Wayne Salvant, Judge Criminal District Court No. 2, Tarrant County.

The parties to the case are Appellant, Eric Bledsoe, and Appellee, the State of Texas.

Mr. Martin Miller, 1901 Airport Freeway, Bedford, Texas 76021, represented appellant at trial.

Ms. Andrea L Townsend and Ms. Kelly Meador, Assistant District Attorneys of Tarrant County, 400 w. Belknap, Fort worth, Texas 76196,represented the State of Texas at trial.

Mr. Barry G. Johnson, 2821 E. Lancaster, Fort Worth, Texas 76103, represents appellant on appeal.

Ms. Sharen Wilson, Criminal  District Attorney of Tarrant County,

400 W. Belknap, Fort Worth, Texas 76196,represents the State of Texas on appeal.

# TABLE OF CONTENTS

Page

INDEX OF AUTHORITIES     4

STATEMENT REGARDING ORAL ARGUMENT     5

STATEMENT OF THE CASE     5

STATEMENT OF PROCEDURAL HISTORY     5

THE COURT OF APPEALS OPINION     6

QUESTIONS FOR REVIEW     7

ARGUMENT     7

   1. The parole law jury charge on count one was unauthorized and was incorrect as given and caused egregious harm     7

   2. The instruction defining sexual contact misstated the law , permitting conviction for legal conduct     10

CONCLUSION     13

PRAYER     14

CERTIFICATE OF COMPLIANCE     15

CERTIFICATE OF SERVICE     15

COURT OF APPEALS' OPINION……………………………………….APPENDIX

COURT OF APPEALS DISSENT………………………………………..APPENDIX

# INDEX OF AUTHORITIES

**CASES**                                                              **PAGE**

*Brooks v. State*
     967 S.W.2d 946, 950 (Tex.App.-Austin 1998, no pet.)          9

*Hill v. State*
     30 S.W.3d 505 (Tex.App. —Texarkana 2000)                    9

*Hooper v. State*
     255 S.W.3d 262, 272 (Tex.App.--Waco 2008, pet. ref'd**)      9**

*Lopez v. State*
     05-12-01531-CR (Ct. App-Dallas -2013)                       8

*Mann v. State*
     964 S.W.2d 639, 641 (Tex.Crim.App.1998)                     12

*Stewart v. State*
     293 S.W.3d 853, 857 (Tex.App.-Texarkana 2009)               9

*Walters v. State*
     247 S.W.3d 204, 211 (Tex. Crim. App. 2007)                  9

**RULES**

Article 37.07, Texas Rules of Criminal Procedure                       8

## STATEMENT CONCERNING ORAL ARGUMENT

Appellant does not request oral argument on the issue of the grant or denial of the petition for review.

## STATEMENT OF THE CASE

Appellant was charged by indictment with the felony offense of Aggravated Sexual Assault of a Child and Indecency with a Child. CR 5[1].  Appellant entered a plea of not guilty to each offense, and trial was held before a jury.

The jury found appellant guilty of each offense and assessed punishment at sixty (60) years incarceration for the Aggravated Sexual Assault of a Child charge and twenty (20) years on the indecency charge. CR 67, 69.

The court of appeals affirmed the conviction, holding that the jury instructions complained of were not erroneous, but if they were, did not cause egregious harm. This petition challenges those holdings.

## STATEMENT OF PROCEDURAL HISTORY

On October 29, 2015, the Court of Appeals affirmed the convictions. No Motion for Rehearing was filed.

---

[1] Reference to the clerk's record are CR followed by page number.  Reporter's Record is indicated with the volume number followed by RR followed by the page number, eg, Vol 3 p 100 would read 3 RR 110.

## THE COURT OF APPEALS OPINION

A panel of the Fort Worth Court of Appeals found that the ineffective assistance of counsel claim was not supported by evidence in the record and there is a possibility that his counsel's conduct could have been grounded in legitimate trial strategy, that the evidence was not legally insufficient to support the verdict of guilty, that the hearsay objection was procedurally defaulted by counsel's failure to object that the state's claimed hearsay exception was not applicable.

The court also found, with respect to that the jury instruction that , if sentenced to a term of imprisonment on count one appellant "would not be eligible for release or parole" was not erroneous, and if erroneous, was not egregiously harmful. (Opinion, page 8).

The court further found, in effect, that the court's definition of sexual contact which stated that "any touching …of any part of the body of a child…" was not erroneous, or, if erroneous, was not egregiously harmful. (Opinion, p. 7).

The court also modified the judgment, in response to the state's cross-point, holding that the judgment should specify the age of the child victim to assure that the Texas Department of Criminal Judgment appropriately applies the law which states, in this instance, that there is no parole eligibility for an offense involving a child under six years of age.

6

# QUESTIONS FOR REVIEW

**1.     Was the court of appeals correct in determining that the jury charge which instructed the jury that appellant would not be released on parole was not egregious error ?**

**2.     Did the court of appeals correctly conclude that the jury charge stating that sexual contact included "touching any part of the body of a child" was not error causing egregious harm?**

# ARGUMENT

## 1.     THE PAROLE-LAW JURY CHARGE

The jury was instructed, with respect to count one of the indictment that if the appellant was sentenced to a term of confinement, he would not be eligible for release *or* parole. CR 55.  Appellant was not eligible for probation because of the charge, so confinement was the only option for the jury.

The Court of Appeals stated that the instruction was not erroneous but if erroneous, not egregious error. (Opinion, p.8).Appellant contends that it was clearly error to state appellant would not be released or paroled, and that it was egregious.

7

This instruction was in error, for two reasons, one of which was not presented to the court below. In the court below appellant asserted that the apparent idea that the court intended to present to the jury was that, if sentenced to a term of confinement under count one of the indictment, appellant would not be eligible for release *on* parole. Instead the court stated that he would not be eligible for release *or* parole. Appellant's theory is that the court's instruction had the effect of informing the jury that because appellant would never be released, the term of years actually assessed became irrelevant, and the jury did not need to concern itself too much with the actual number of years. In other words, the court was expressing the idea that it just doesn't matter what number of years the jury assesses because he is not ever going to be released.

Appellant did not argue to the court below a second reason that the instruction was improper: an instruction concerning ineligibility for release on parole is not authorized in cases alleging aggravated sexual assault of a child under six years old. See *Lopez v. State*, 05-12-01531-CR (Ct. App-Dallas -2013). In that case *Lopez* had requested a charge informing the jury that he was not eligible for parole. The court there held that the refusal to give a "no parole" instruction was proper, and stated:

"Thus, the instructions to inform a jury about the law of parole contained in article 37.07 do not apply to Lopez. … The instruction Lopez requested that

8

he was ineligible for parole was a special, non-statutory instruction, and the court of criminal appeals has held that special, non-statutory instructions "generally have no place in the jury charge." *Walters v. State*, 247 S.W.3d 204, 211 (Tex. Crim. App. 2007).

Lopez was 77 years old at the time of his trial, and his counsel argued for a minimum 25 years sentence, arguing that a sentence of that length probably amounted to a life sentence anyway.

"In some cases, erroneous jury instructions alone can demonstrate egregious harm." *Brooks v. State*, 967 S.W.2d 946, 950 (Tex.App.-Austin 1998, no pet.). In *Hill v. State*, 30 S.W.3d 505 (Tex.App. —Texarkana 2000) the court held that because the jury was inaccurately informed and misled by the court's charge, the error amounted to egregious harm.

Courts generally agree that the statutory parole instructions were designed to favor the State and to increase sentences. *Stewart v. State*, 293 S.W.3d 853, 857 (Tex.App.-Texarkana 2009). But, the instructions can also help the defendant, because the jury could learn that the defendant would serve longer than it expected and could be influenced to assess less time. *Hooper v. State*, 255 S.W.3d 262, 272 (Tex.App.--Waco 2008, pet. ref'd**)**.

Here, appellant contends that telling the jury that since appellant would not be released or paroled, they had reason to believe that the sentence determination did not matter. The resultant 60 year sentence could have been the result of a considered analysis of the evidence, or it could have been a rush to judgment because the jury had been informed that appellant would never be released anyway.

The jury began deliberation on punishment at 4:32 p.m. and the verdict was received in open court at 5:16 p.m. 3 RR 92.

It appears therefore that the "no parole" instruction, even if it correctly set out the applicable law, would not have been proper. Appellant asserts that an improper and inaccurate instruction was harmful because it had the effect of minimizing the importance of the jury's determination of the number of years to be served.

**2. THE INSTRUCTION DEFINING SEXUAL CONTACT MISSTATED THE LAW.**

Appellant next complains that the definition of "sexual contact" contained in the charge incorrectly stated the law and permitted a conviction based on legal conduct.

The trial court instructed the jury as follows:

"Sexual contact means the following acts, if committed with the intent to arouse or gratify the sexual desire of any person: any touching by a person, including touching through the clothing, of the anus, breast, or any part of the genitals of a child; or any touching of any part of the body of a child, including touching through clothing (sic) of the anus, breast, or any part of the  genitals of a person." CR 39.

The problem with this portion of the charge is that the omitted comma in the second definition, which appears after the semicolon.  To conform to the statute, there should be a comma after the word "clothing".  Without the comma, the phrase "including touching through clothing of the anus, breast, or any part of the genitals of a person" modifies the verb touching.  In effect, it could be read as "including but not limited to" touching any body part of a child and the listed body parts through clothing.

The problem created by this sentence construction is that it leaves the definition of sexual contact overbroad and misleading and prohibits conduct that the statute does not.  The compound sentence has two component parts.  The meaning of part one is that sexual contact is the touching of those listed parts of a child's body with the intent to arouse or gratify the sexual desire of any person.  The meaning of part two is that sexual contact is the touching of any part of a

11

child's body with the necessary intent, including touching through the clothing of the listed body parts of any person.

Because this definition does not conform to the statute, it permits conviction for sexual contact that is not prohibited by the statute.

As written the charge stated that sexual contact included touching any part of the body of a child. CR 39.

An omitted comma completely changed the meaning of the definition of "sexual contact" that was included in the court's charge. Appellant's complaint is not about the comma, it is about the meaning of the sentence without the comma.

The charge of Aggravated Sexual assault of a child requires the jury to determine whether "sexual contact" occurred. The must look to the charge and to the definition to see if the prohibited conduct occurred. There is no other way for the jurors to carry out their responsibility.

The egregious error standard requires the court to determine harm in light of the entire jury charge, the state of the evidence (including contested issues and the weight of the probative evidence), the argument of counsel, and any other relevant information revealed by the record as a whole. *Mann v. State*, 964 S.W.2d 639, 641 (Tex.Crim.App.1998).

In final argument, the prosecutor stated:

"Find him guilty of touching S. and penetrating her on verdict form one.

Verdict form two, find him guilty of indecency for making S. touch him."

3 RR 70.

This argument demonstrates the problem with an inaccurate definition that permits conviction for touching any part of the child's body. It is true that other , more specific arguments were made, but this shorthand rendition, asking the jury to "find him guilty of touching" shows that the jury may well have been led by the improper definition of sexual contact that was given.

In this case there was error in the charge on guilt-innocence when an incorrect definition was given, and an error in the punishment charge when the jury was incorrectly told, in effect, that its verdict would not affect appellant since he would not be released or paroled.

## CONCLUSION

The court of appeals erred in its holding that there was not error in the charges complained of, and in holding that if there was error, it was not egregious.

13

## **PRAYER**

Appellant prays that this court reverse both convictions and remand them for a new trial.

Since the jury charge on count one mis-stated the law as to the definition of sexual contact, it potentially caused confusion, thereby affecting the entire trial.

At the punishment stage, the incorrect parole-law statement caused confusion as to the jury's role in determining punishment. Because the more serious offense, contained in count one resulted in a sixty year sentence, and a maximum twenty year sentence was given on count two, both sentences may have been affected by the error, making reversal necessary in the interest of justice.

Respectfully submitted,

/s/_Barry G. Johnson

Barry G. Johnson
SB# 10683000
2821 E. Lancaster
Fort Worth, Texas 76103
817-531-9665
817-534-9888 FAX
barrygj@aol.com

Attorney for Appellant

14

## CERTIFICATE OF COMPLIANCE

I hereby certify that this document complies with the requirements of Tex.R.App.P. 9.4(e) because it has been prepared with conventional typeface no smaller than 14 point for text. This document also complies with the word count limitations of Rule 9.4(i)(1) because it contains 2,360 words, excluding any parts exempted by Rule 9.4(i)(1), as computed by Microsoft Word, the computer software used to prepare the document.

/s/Barry G. Johnson
Barry G. Johnson

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon Sharen Wilson, Attorney for Appellee, by email, and upon Lisa McMinn, State Prosecuting Attorney, by email, on this the 31st of December 2015.

/s/Barry G. Johnson
Barry G. Johnson



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00450-CR

ERIC BLEDSOE          APPELLANT

V.

THE STATE OF TEXAS          STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY
TRIAL COURT NO. 1325173D

----------

## OPINION

----------

Appellant Eric Bledsoe appeals from his convictions for aggravated sexual assault of a child under six and indecency with a child. We conclude that the judgment for aggravated sexual assault should be modified to clearly reflect that it involved a child younger than six. But because we find no other error in the trial court's judgment, we affirm it as modified. We also affirm the trial court's judgment for indecency with a child.

# I. BACKGROUND

Approximately four weeks after S.L.'s fourth birthday on February 21, 2013, S.L. told her mother, A.L., that Bledsoe, who was S.L's step-grandfather, had earlier told S.L. that she could use his penis as a pacifier and asked her to "squish" his penis. S.L. denied using his penis as a pacifier but did admit that she had "squeeze[ed]" Bledsoe's penis with her hands. A.L. called her mother, who was married to Bledsoe, to report the child's allegations. A.L.'s mother confronted Bledsoe. Bledsoe asserted that he had accidentally exposed himself to S.L. and that S.L. then had "kissed" his penis. A few days after S.L.'s outcry to A.L., S.L. told Joy Hallum, a forensic interviewer, that Bledsoe had "poke[d]" inside her vagina with his finger. S.L. also reported to a sexual-assault nurse examiner, Rebecca Sullivan, that Bledsoe had put his finger inside her sexual organ.

A grand jury indicted Bledsoe with aggravated sexual assault of a child under the age of six—"intentionally or knowingly cause the penetration of the sexual organ of [S.L.], a child younger than 6 years of age, by inserting his finger into her sexual organ" (count one). *See* Tex. Penal Code Ann. § 22.021 (West Supp. 2014). In the same indictment, the grand jury also indicted Bledsoe with indecency with a child—"intentionally, with the intent to arouse or gratify [his] sexual desire . . ., engage in sexual contact with [S.L.], a child younger than 17 years, by causing [S.L.] to touch the sexual organ of [Bledsoe]" (count two). *See id.* § 21.11(a)(1) (West 2011).

2

Before trial, the State notified Bledsoe of its intent to offer A.L.'s and Hallum's testimony regarding S.L.'s outcry statements to them. *See* Tex. Code Crim. Proc. Ann. art. 38.072, § 2 (West Supp. 2014). Both testified at trial. Sullivan also testified for the State about her medical examination of S.L. During Sullivan's testimony, Bledsoe lodged a hearsay objection to the State's question regarding what S.L. told her about the offense during the exam. The trial court overruled Bledsoe's hearsay objection, and Sullivan testified that S.L. had stated that Bledsoe had put his finger inside her female sexual organ and that she had squeezed his penis with her hands. At trial, S.L. denied that Bledsoe had penetrated her sexual organ and testified that he had touched "on the skin of" but "outside" her sexual organ. S.L. stated that it hurt when Bledsoe touched her sexual organ.

A jury found Bledsoe guilty of count one and count two. The jury assessed his punishment at 60 years' confinement for count one and at 20 years' confinement for count two. The trial court entered judgments accordingly. Bledsoe now appeals and argues that his trial counsel was constitutionally ineffective, the jury charges at guilt-innocence and at punishment contained error, the trial court erred by overruling Bledsoe's hearsay objection to Sullivan's testimony, and the evidence of penetration was insufficient. The State asserts in a cross-issue that the trial court's judgment in count one should be modified to clearly show that Bledsoe was convicted of aggravated sexual assault of a child under six years old.

## II. BLEDSOE'S ISSUES

### A. SUFFICIENCY OF THE EVIDENCE

In his fifth issue, Bledsoe argues that the evidence was insufficient to prove he penetrated S.L.'s sexual organ. In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Dobbs v. State*, 434 S.W.3d 166, 170 (Tex. Crim. App. 2014). When performing an evidentiary sufficiency review, we may not re-evaluate the weight and credibility of the evidence or substitute our judgment for that of the fact-finder. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

Hallum and Sullivan testified that S.L. stated shortly after the offense that Bledsoe had poked her sexual organ with his finger and put his finger inside. At trial, S.L. denied Bledsoe penetrated her sexual organ. Any conflict between S.L.'s prior statements to Hallum and Sullivan and her trial testimony created a credibility issue for the jury to resolve. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Dobbs*, 434 S.W.3d at 170. The jury was free to disbelieve S.L.'s trial testimony. S.L.'s statements to Hallum and Sullivan alone were sufficient to prove penetration. *See Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991) (holding recantation does not destroy probative value of outcry statement and fact-finder is free to disbelieve recantation). We overrule Bledsoe's fifth issue.

4

## B. ADMISSION OF SULLIVAN'S TESTIMONY

Bledsoe argues in his fourth issue that the trial court abused its discretion by admitting Sullivan's testimony regarding S.L.'s outcry statements to her. At trial, Bledsoe objected that Sullivan's testimony was inadmissible hearsay, and the State asserted that her testimony fell under an exception to the hearsay rule as a statement made for medical diagnosis or treatment. *See* Tex. R. Evid. 803(4). Bledsoe raised no further objection to Sullivan's testimony.

Although Bledsoe's general hearsay objection would preserve his complaint for appellate review in most cases, the State identified the hearsay exception on which it relied in response to Bledsoe's objection; therefore, Bledsoe was required to further object that the invoked exception did not apply. *See* Tex. R. Evid. 103(a)(1); *Long v. State*, 800 S.W.2d 545, 548 (Tex. Crim. App. 1990); *Meyers v. State*, 865 S.W.2d 523, 524–25 (Tex. App.—Houston [14th Dist.] 1993, pet. ref'd); *cf. Lankston v. State*, 827 S.W.2d 907, 910 (Tex. Crim. App. 1992) ("[B]ecause all of the testimony sought to be elicited from the witness . . . was necessarily hearsay, and because its admissibility under article 38.072 had already been established, Appellant was obliged at least to claim that a specific part of it was objectionable in spite of the exception."). Even if Bledsoe had not procedurally defaulted this complaint, the trial court did not abuse its discretion by admitting Sullivan's testimony. *See Franklin v. State*, 459 S.W.3d 670, 675–78 (Tex. App.—Texarkana 2015, pet. filed) (holding sexual-assault nurse's

5

testimony was properly admitted as statements made for the purpose of medical diagnosis). We overrule Bledsoe's fourth issue.

## C. JURY CHARGE

### 1. Guilt-Innocence

In his third issue, Bledsoe argues that the trial court's jury charge given during the guilt-innocence portion of the trial was erroneous because it omitted a comma from the statutory definition of sexual contact, causing confusion. Bledsoe did not object to the definition at trial; thus, we may reverse only if the unpreserved error caused egregious harm. *See* Tex. Code Crim. Proc. Ann. art. 36.19 (West 2006); *Nava v. State*, 415 S.W.3d 289, 298 (Tex. Crim. App. 2013). The appropriate inquiry for egregious harm is a fact specific one that must be performed on a case-by-case basis. *See Gelinas v. State*, 398 S.W.3d 703, 710 (Tex. Crim. App. 2013); *Taylor v. State*, 332 S.W.3d 483, 489 (Tex. Crim. App. 2011). We are to analyze any harm in light of the entire jury charge, the state of the evidence, the argument of counsel, and any other relevant information in the record. *See Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g).

Here, the trial court defined sexual contact both in the context of (1) the actor touching protected parts of the child's body and (2) prohibited parts of the actor's body touching the child. *See* Tex. Penal Code Ann. § 21.11(c). The definition of the second context of sexual contact omitted a comma:

> "Sexual contact" means the following acts, if committed with the intent to arouse or gratify the sexual desire of any person: any touching by a person, including touching through clothing, of the anus,

6

breast, or any part of the genitals of a child; or any touching of any part of the body of a child, including touching through clothing [sic] of the anus, breast, or any part of the genitals of a person.

The later application portion of the jury charge correctly instructed the jury regarding the charge of indecency with a child. The jury heard evidence that Bledsoe admitted to his wife that he accidentally exposed himself to S.L. and that there was contact between his penis and S.L.'s mouth. The State's and Bledsoe's closing jury arguments clearly informed the jury what type of touching was alleged. Even if the omission of a comma in the abstract portion of the charge were erroneous, it did not cause egregious harm entitling Bledsoe to appellate relief. *See Medina v. State*, 7 S.W.3d 633, 640 (Tex. Crim. App. 1999), *cert. denied*, 529 U.S. 1102 (2000). We overrule issue three.

## 2. Punishment

Bledsoe argues in his second issue that the trial court erred by instructing the jury in the punishment charge that Bledsoe would not be "eligible for release or parole" if sentenced to a term of imprisonment for his conviction for count one. Bledsoe asserts that because the operative wording was "release *or* parole" instead of "release *on* parole," the jury was thereby erroneously informed that any sentence would be a life sentence "no matter what the jury did." The jury charge further instructed the jury that although it could consider the existence of parole law and good-conduct time, it could not consider "the extent to which good conduct time may be awarded . . . or forfeited" or "the manner in which the parole law may be applied

7

to this particular Defendant."  As with his challenge to the guilt-innocence charge, Bledsoe did not object to the parole instruction he attacks on appeal.

The instruction was not erroneous.  *See* Tex. Gov't Code Ann. § 508.145(a) (West Supp. 2014).  Even if erroneous, it was not egregiously harmful.  *See Igo v. State*, 210 S.W.3d 645, 647–48 (Tex. Crim. App. 2006); *Hubert v. State*, No. 05-12-01084-CR, 2014 WL 1022324, at *13 (Tex. App.—Dallas Mar. 4, 2014, pet. ref'd) (not designated for publication).  Bledsoe was not eligible for parole based on his conviction for aggravated sexual assault of a child under six.  *See* Tex. Gov't Code Ann. § 508.145(a).  Indeed, Bledsoe argued to the jury that its sentence would not be reduced by parole and because the minimum term was twenty-five years, any term of confinement practically would be a life sentence:  "[H]e is not even eligible for parole.  If he gets 25, he'll do 25.  If he gets 30, he will do the full 30, . . . up to life. . . .  [H]e's going down basically to a life sentence.  He's 57 years old.  You can do the math."  There was no egregious harm to Bledsoe arising from the parole instruction, and we overrule issue two.

### D.  INEFFECTIVE ASSISTANCE OF COUNSEL

Bledsoe asserts that trial counsel was ineffective at trial for failing to (1) request a reliability hearing before Hallum and A.L. testified, (2) object to Hallum's testimony as hearsay, (3) "explore" the validity of the State's medical-diagnosis hearsay exception, and (4) object to the omitted comma in the definition of sexual conduct in the jury charge.  He also argues counsel was constitutionally

8

ineffective at punishment for failing to object to the parole instruction regarding his conviction for count one.

To establish ineffective assistance of counsel, Bledsoe must show by a preponderance of the evidence that his counsel's representation fell below the standard of prevailing professional norms and that there is a reasonable probability that, but for counsel's deficiency, the result of the trial would have been different—deficient performance resulting in prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Menefield v. State*, 363 S.W.3d 591, 592 (Tex. Crim. App. 2012). An ineffective-assistance claim must be "firmly founded in the record," and "the record must affirmatively demonstrate" the meritorious nature of the claim. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Trial counsel "should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective." *Menefield*, 363 S.W.3d at 593.

Bledsoe did not file a motion for new trial raising ineffective assistance of counsel; therefore, we have no record evidence of counsel's reasoning behind his actions or inactions. Because counsel's reasons for his conduct do not appear in the record and there is at least the possibility that the conduct could have been grounded in legitimate trial strategy, we defer to counsel's decisions and overrule Bledsoe's first issue. *See Garza v. State*, 213 S.W.3d 338, 348 (Tex. Crim. App. 2007).

9

## III. THE STATE'S CROSS-ISSUE

In its cross-issue, the State argues that the judgment for count one should be modified to clearly show that the offense of which Bledsoe was convicted was aggravated sexual assault of a child under six years of age. The State suggests that section 22.021(f) should be included along with section 22.021(a)(2)(B) in the judgment and that the statement of the offense should be expanded to state that S.L. was under six at the time of the offense. Bledsoe has not responded to this cross-issue.

The grand jury indicted Bledsoe with "intentionally or knowingly caus[ing] the penetration of the sexual organ of [S.L.], a child younger than 6 years of age, by inserting his finger into her sexual organ." The State introduced evidence that the victim was "four or three" when the offense occurred on March 20, 2013, and that she was five at the October 21, 2014 trial. The jury charge explained that "[t]he offense is Aggravated Sexual Assault of a Child if the victim is younger than 6 years of age." Similarly, in a later application paragraph, the trial court instructed the jury that it should find Bledsoe guilty of aggravated sexual assault of a child if it found beyond a reasonable doubt that Bledsoe "intentionally and knowingly cause[d] the penetration of the sexual organ of [S.L.], a child younger than 6 years of age, by inserting his finger into her sexual organ." The jury found Bledsoe guilty of "the offense of Aggravated Sexual Assault of a Child as charged in Count One of the Indictment."

10

As charged, S.L.'s age was an aggravating, yet essential, element of the offense that the State was required to prove beyond a reasonable doubt; therefore, it would be appropriately reflected in the trial court's judgment for count one as part of the portions of the judgment entitled "Offense for which Defendant Convicted" and "Statute for Offense." *See Reed v. State*, 991 S.W.2d 354, 358 (Tex. App.—Corpus Christi 1999, pet. ref'd) (holding when only aggravating element in sexual-assault offense is age of victim, victim's age is essential element of the offense). *See generally* Tex. Code Crim. Proc. Ann. art. 42.01, § 1 (West Supp. 2014) (providing judgment must reflect the offense for which defendant was convicted). The indictment charged Bledsoe with aggravated sexual assault of a child under six in count one and that is what the jury found Bledsoe guilty of.

The judgment does reflect that the victim was younger than six at the time of the offense; however, this notation is at the bottom of the judgment in the portion entitled "Sex Offender Registration Requirements apply to the Defendant." In order to ensure that Bledsoe's sentence is correctly computed by the Texas Department of Criminal Justice, the judgment should be modified to show clearly that Bledsoe was convicted of aggravated sexual assault of a child under the age of six, which bars his eligibility for early release on parole. *See* Tex. Gov't Code Ann. § 508.145(a); *cf. Leija-Balderas v. State*, No. 05-14-00648-CR, 2015 WL 1454948, at *1 (Tex. App.—Dallas Mar. 27, 2015, pet. ref'd) (mem. op., not designated for publication) (modifying judgment to reflect

11

defendant pleaded guilty to and was convicted of aggravated sexual assault of a child younger than fourteen under section 22.021(a)(1)(B) and to delete notation that victim was five at the time of the offense). Without this modification, the Texas Department of Criminal Justice could erroneously, yet understandably, conclude that Bledsoe is eligible for release on parole. *See* Tex. Gov't Code Ann. § 508.145(d)(1) (providing parole eligibility for inmates convicted of aggravated sexual assault under penal code section 22.021); *cf. Aldana v. State*, No. 08-13-00243-CR, 2015 WL 2344023, at *2 (Tex. App.—El Paso May 14, 2015, pet. filed) (not designated for publication) (modifying judgment to delete fines in two of three convictions to ensure prison officials understood fines were not concurrent).

The State's requested modification is warranted because it was an element of the offense that the State was required to prove, because it ensures proper calculation of Bledsoe's sentence for aggravated sexual assault of a child under six, and because Bledsoe does not argue it would be improper. Accordingly, we modify the portion of the judgment for count one entitled "Offense for which Defendant Convicted" to reflect that Bledsoe was convicted of aggravated sexual assault of a child younger than six years of age. Further, the portion of the judgment for count one entitled "Statute for Offense" is modified to state not only penal code section 22.021(a)(2)(B) but also section 22.021(f)(1). *See* Tex. Penal Code Ann. § 22.021. We sustain the State's cross-issue.

12

## IV. CONCLUSION

We modify the trial court's judgment for count one to state that the "Statute for Offense" is "22.021(a)(2)(B), (f)(1) PC" and to state that the "Offense for which Defendant Convicted" is "aggravated sexual assault of a child younger than six years of age." As modified, we affirm the trial court's judgment for count one. *See* Tex. R. App. P. 43.2(b). We affirm the trial court's judgment for count two. *See* Tex. R. App. P. 43.2(a).

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL: DAUPHINOT, WALKER, and GABRIEL, JJ.

DAUPHINOT, J., filed a dissenting opinion.

PUBLISH

DELIVERED: October 29, 2015

13



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00450-CR

---

ERIC BLEDSOE                                                    APPELLANT

V.

THE STATE OF TEXAS                                                  STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY
TRIAL COURT NO. 1325173D

----------

## DISSENTING OPINION

----------

I concur in the majority's resolution of Appellant's issues, but as to the

State's cross-point, I cannot agree that a judgment must contain the sentencing

details in the statement of the offense. I therefore respectfully dissent from the

conscientious majority opinion.

In its cross-point, the State argues that the trial court's judgment incorrectly

sets out the penal code provision for the offense of which Appellant was

convicted when the judgment states that the "Statute for [Appellant's] Offense" is penal code section "22.021(a)(2)(B)" and that the judgment incorrectly names the offense for which Appellant was convicted as aggravated sexual assault of a child. The State argues that the judgment should instead provide that Appellant was convicted under penal code section 22.021(f) and that the name of the offense set out in the judgment should be aggravated sexual assault of a child *under six years of age.* Otherwise, the State argues, the experienced professionals in the Texas penal system will not know. The majority appears to agree. I believe the State is incorrect.

The State argues that its requested changes are mandated by the importance of this information to prison officials for many years into the future. The State may be correct that the information is important, but the State confuses offense code provisions with punishment code provisions. The offense for which Appellant was tried and convicted is aggravated sexual assault of a child, as set out in penal code section 22.021(a)(1)(B)(i), (2)(B).[1] The name of the offense for which Appellant was tried and convicted is not described in section 22.021(f).[2] That subsection provides that "[t]he minimum term of imprisonment for an offense under this section is increased to 25 years if . . . the

---

[1] *See* Tex. Penal Code Ann. § 22.021(a)(1)(B)(i), (2)(B) (West Supp. 2014).

[2] *See id.* § 22.021(f).

victim of the offense is younger than six years of age at the time the offense is committed . . . ."[3] It is a punishment provision.

Additionally, the judgment specifically states that "Sex Offender Registration Requirements apply to the Defendant. Tex. Code[] Crim. Proc. chapter 62. The age of the victim at the time of the offense was Younger than 6 Years of Age." Thus, the judgment correctly sets out the statute under which Appellant was tried and convicted, sets out the name of the offense—aggravated sexual assault of a child, notes that Appellant must register as a sex offender, and provides ample notice of the fact that the child complainant was under six years of age to the prison officials who will have to determine Appellant's release date.[4]

Further, penal code section 22.021(f) does not prohibit parole for offenders convicted of sexual assault of a child under six years of age. That prohibition is found in government code section 508.145, which provides, "[An inmate] serving a sentence for an offense under Section 22.021, Penal Code, that is punishable under Subsection (f) of that section is not eligible for release on parole."[5]

---

[3]*Id.*

[4]*See* Tex. Code Crim. Proc. Ann. art. 42.01 (West Supp. 2014) (providing requirements of judgment).

[5]Tex. Gov't Code Ann. § 508.145(a) (West 2012).

The majority states that

> The State's requested modification is warranted because it was an element of the offense that the State was required to prove, because it ensures proper calculation of [Appellant]'s sentence for aggravated sexual assault of a child under six, and because [Appellant] does not argue it would be improper.

Respectfully, the plain reading of the statute suggests that proof that the complainant was a child younger than six is not an element of the offense of aggravated sexual assault of a child that the State was required to prove to establish Appellant's guilt. A plain reading of the statute suggests that the State was required to prove only that the complainant was a child under the age of fourteen in order to prove Appellant's guilt of the offense alleged in the indictment, aggravated sexual assault of a child. Relying on the plain reading, which we must,[6] the fact that the child is under six years of age is a punishment issue, not an element of the offense.

The majority relies in part on an unpublished opinion, *Leija-Balderas v. State*,[7] as authority for adding the punishment issue to the description of the offense, yet the *Leija-Balderas* court deleted the notation on the judgment that the child was five at the time the defendant committed the offense of aggravated

---

[6]*See Swearingen v. State*, 303 S.W.3d 728, 732 (Tex. Crim. App. 2010) ("As an appellate court, we must give effect to the plain meaning of the statute.").

[7]No. 05-14-00648-CR, 2015 WL 1454948 (Tex. App.—Dallas Mar. 27, 2015, pet. ref'd) (mem. op., not designated for publication).

sexual assault of a child under fourteen.[8]   It appears that this unpublished opinion stands, at least in part, for the proposition that the judgment should state the offense of which a defendant was convicted, not descriptive details.

The judgment should provide the name of the offense that the State was required to prove in the space for the name of the offense and the punishment information in the space for punishment information.  We have not mandated that descriptive details be included in the statement of the offense in other kinds of cases.  By our decision to rewrite the judgment, we run the risk of increasing the State's burden of proof for conviction by requiring the State to prove not only the elements of the offense as determined by the legislature, but also punishment facts as essential elements of the offense.  I therefore respectfully dissent from the majority opinion.

/s/ Lee Ann Dauphinot

LEE ANN DAUPHINOT
JUSTICE

PUBLISH

DELIVERED:  October 29, 2015

---

[8]*Id.* at *1.